[Civ. No. 5687. Second Appellate District, Division One.—October 18, 1927.]

In the Matter of the Estate of THOMAS BRADLEY, Deceased. GIRARD TRUST COMPANY (a Corporation) et al., Appellants, v. PACIFIC SOUTHWEST TRUST & SAVINGS BANK, Administrator, etc., et al., Respondents.

Cruickshank, Brooke & Evans, Lloyd W. Brooke and L. L. Riccardi for Appellants.

John Perry Wood, Frank C. Dunham and Raymond G. Thompson for Respondents.

HOUSER, J.—This is an appeal from a judgment or decree of final distribution in the matter of the estate of Thomas Bradley, deceased.

The controversy arises from the admitted fact that as to one-third of the estate of the deceased the direct provisions of the will with reference thereto became inoperative, and as a consequence therefrom, that as to such portion of the estate the devise thereof was lapsed.

On the part of appellants, it is urged that such lapsed devise became a part of the *residuum* of the estate, and that the order of the trial court should have contained a direction for distribution of such lapsed devise to the residuary legatee of the will of the deceased. On the other hand, it is the contention of respondents that the will contains no provision for the distribution of the *residuum* of the estate, and consequently that as to the property covered by the lapsed devise the legal heirs of the testator, as distinguished from the legatees and devisees expressly provided for by the will, were entitled to have distribution made to them as specified in the decree from which the appeal herein is taken. In such circumstances it becomes necessary to consider those portions only of the will of the testator which, as conceded by respective counsel, bear upon the several contentions of the appellants and the respondents.

After directing the payment of debts against the estate and certain specified legacies, the will provided in substance that the entire estate of the testator should be held in trust for the payment during the lifetime of the widow of the testator of one-third of the net income of the estate to her, and the remaining two-thirds of such net income to the children of the testator. As suggested by appellants, so far as is here material, the remainder of the will was as follows:

"Upon the decease of my said beloved wife, I order and direct my said executors and trustees to expend and use the full one-third of my entire estate, real, personal and mixed, whatsoever and wheresoever situate, in the purchase of a sufficient quantity of real estate, conveniently located to the said City of Philadelphia, and in and for the erection thereon of cottages or dwelling houses for the benefit and use of retired and superannuated ministers of the Philadelphia Conference of the Methodist Episcopal Church, . . .

"The remaining full two-thirds of my entire estate, real, personal and mixed, shall be and remain under the control

and supervision of the said executors and trustees and the full net income shall be paid to my above named children, or the survivors or survivor of them during the full term of their and each of their natural lives as aforesaid."

It may also be stated that immediately following the provisions of the will to which reference has just been had the will contained such provisions that as a matter of law no final disposition was directly made of one-third of the estate.

It thus appears that, as such, the will contains no formal residuary clause. Appellants, however, point to the use of the words "the remaining full two-thirds of my entire estate," which, taken in connection with the former phrase, "full one-third of my entire estate," it is claimed indicated an intent on the part of the testator to provide for the disposition by his will of any property of which he was the owner at the time of his death and of which no disposition had been made by the direct terms of his will. The argument of appellants primarily rests upon the use of the words "remaining," "full" and "entire"; and the suggestion is forcefully made that as nearly as possible, without express direction to that effect, the testator thereby indicated an intent to set up a general residuary clause in his will. Attention is also directed by the appellants to certain general rules of construction to the effect that in such matters no particular form of phraseology is required, but that when from the language employed in the will, it clearly appears that the intent of the testator was to provide for the disposition of any *residuum* in his estate, such intention should be effectuated by appropriate construction. Furthermore, that unless a contrary intent is clearly expressed by the terms of the will, an ineffectual devise will not pass to the heirs at law, but will become a part of the *residuum* of the estate. But, as frequently occurs, the solution of the question depends not so much on the principles of law which may be applicable in the premises, but rather upon the construction to be placed upon the facts, as disclosed by the language of the will itself. If by any fair construction of the language used by the testator in the drafting of his will it may appear reasonably certain that he had in mind the possibility that after the disposition by him of specific legacies and devises a portion of his property would

remain without testamentary disposition, and that an attempt on his part was made by the terms of his will not only to recognize such situation, but as well to appropriately provide therefor, it is undoubtedly the law that such a construction should be placed upon the will as to make operative such intention on the part of the testator, irrespective of the expression employed by him to effectuate his purpose. Returning, therefore, to the determining words of the will, to which reference has been had, it is urged by appellants that the words "remaining," "full" and "entire" show that at the time the will was executed the testator had in mind all his estate remaining after the specific disposition made by him under prior provisions of his will had been satisfied, and that the words "full" and "entire" signify an intent on the part of the testator to establish a general residuary provision in his will. From an examination of the entire will it is apparent that it was prepared by one skilled in, or at least accustomed to, such work. At any rate, if the testator had anticipated the possibility of the existence of a situation such as is here presented, judging from the facility in the use of words, as exhibited throughout the will, to have clearly and unmistakably expressed the wishes of the testator regarding the final disposition of any property not specifically provided for in the will would have been very easy of accomplishment. But considering the language which was employed by the testator, first, in providing for the disposition of a "full one-third" of his estate; and, secondly, of the "remaining full two-thirds thereof," it is only by the greatest strain on the ordinary meaning of the words used by the testator that it may be discerned that the testator had in mind anything relating to a *residuum*. Regarding the expression "full," as applied either to the one-third or to the two-thirds portion of the estate, it is clear that anything less than a one-third necessarily would not be a *"full one-third"*; just as anything more than a "full two-thirds" would represent a different fraction of the estate than would be indicated by the fraction as given. If more than a one-third interest was bequeathed or devised by the provision first mentioned, incontestably the remainder of the estate, instead of being represented by a two-thirds fraction, necessarily would be as much less than two-thirds, as the value

of the estate over the "full one-third" thereof was expressed in a one-third thereof as increased by such added amount—from which it follows that the use of the word "full," as applied in the will to the said two fractions, neither adds to nor subtracts from either of such fractions. In other words, a direction simply that one-third of the estate should receive such-and-such a disposition, and that two-thirds thereof should be disposed of according to a separate disposition, would have carried the identical significance as though (as in the instant will) the word "full" had preceded each of such fractions. While under fitting conditions and circumstances the word "remainder" is considered as appropriate for designating an intention on the part of the testator to recognize the existence, or possible existence, of a *residuum* in his estate, it must appear that in a given case such word, or some cognate expression, was used by the testator intentionally or advisedly for the express purpose of conveying a thought, if not identical with a *residuum*, at least approaching such a condition.

In the instant case, it will be noted that the testator, instead of using the word "remainder," as applied to his estate, coupled the word *"remaining"* with the other words "full two-thirds." It is of course obvious that if a "full one-third" of the estate has received testamentary disposition, a "remaining two-thirds," "full" or otherwise, ordinarily would require some sort of treatment at the hands of the testator. In other words, had one-third of the estate been · devised or bequeathed, necessarily there would have been a "remaining two-thirds" thereof. As in the use of the word "full," the word "remaining" had no effect upon a designation of the fraction of the estate attempted to be acted upon by testamentary disposition. After providing for the disposition of one-third of the estate, two-thirds thereof would be "remaining"; but the expression *"remaining* full two-thirds" carried with it a meaning no different than would have been expressed by the omission of both the words "remaining" and "full." So far as thus may be perceived, the use of such words was a superfluity. Their omission from the will in the connection in which they were used therein would have produced no effect whatsoever upon the construction thereof. While it is a rule of law that in construing an instrument, so far as

possible some meaning must be attached to each word thereof, it is manifest that even by the greatest latitude and by the utmost allowance for inaccuracy of expression, it is impossible to render the word "remaining," as used by the testator, into the word "remainder," so as to indicate an intention on his part to provide for the distribution of the *residuum* of his estate. As hereinbefore stated, it is clear that the will was drawn by no novice in that line of work. As is well known, the ordinary language employed in the preparation of a residuary clause in a will usually contains such statement as "all the rest, residue and remainder of my estate." Nowhere in the will in question is any language to be found which approximates in meaning any one of the three words "rest," "residue," or "remainder." While purely in sound, the word "remaining" is a near approach to the word "remainder," considering its use in the will as hereinbefore treated, it is entirely foreign to any legitimate expression indicative of a *residuum*. It would seem apparent that the intention of the testator was to deal first with one fraction of the estate, and latterly with that part thereof which was "*remaining*," rather than with any "*remainder*," considered in the sense of a *residuum* of the estate. In no part of the will is any direct reference made by the testator to any part of his estate which is left without specific testamentary disposition; nor by any reasonable deduction from the language of the will may it be inferred that the testator either believed that he had failed by his will to make disposition of his entire estate, or that he intended to provide for any possible contingency with reference to a failure in that regard. So far as may be ascertained either from a consideration of the will as a whole, or from any part of it other than the single word "remaining," to which reference has been had, the will is absolutely silent on the subject of a "rest, residue, or remainder" of his estate. It should also be remembered that the words to which particular attention has been directed were used, not in an attempt to distribute the fee of the real property, but only in connection with the distribution by trustees of the estate of two-thirds of the net income arising therefrom; and consequently that the word "remaining," if it ever could be considered in the sense of a technical "remainder,"

would have no application to the residue of the estate here under consideration. Viewed from a standpoint of its effect as in any way modifying the word "remaining," the use of the word "entire" is deemed of no significance; nor are we able to perceive that the words "entire estate," as used in the will, had any bearing upon the question as to whether the testator intended to provide for the distribution of the lapsed devise to a residuary legatee.

While this court recognizes the principle that a construction which will render a will operative, rather than one which will defeat testamentary disposition, is favored in law, nevertheless it would appear clear that the word "remaining" as used by the testator, standing alone and substantially unaided by any other sentence, clause, or word in the will, is insufficient to overcome the evident purpose of the testator to refer, in the connection in which the word "remaining" was used, simply to that portion of the estate which was left immediately after one-third thereof had been the subject of testamentary consideration.

It follows that the judgment should be affirmed; it is so ordered.

Conrey, P. J., and York, J., concurred.