[Civ. No. 6110.   Fourth Dist.   July 24, 1959.]

Estate of THEOLINDA M. DEACON, Deceased.   AGNES CLARK, Appellant, v. DESCENDANTS OF BETTY SWANSON, Respondents.

Linley & Doerr for Appellant.

Stevens & Andreasen for Respondents.

SHEPARD, J.—This is an appeal from an order of the probate court denying a petition to determine heirship on behalf of certain legatees named in the will of deceased.

By her will made April 17, 1937, deceased provided in Paragraph Second thereof for the sale of certain property located on Nineteenth Street in the city of San Diego, and the application of the proceeds thereof to pay encumbrances and certain debts of her husband Daniel A. Deacon. The last sentence of said paragraph reads as follows:

"If there should be a balance after the payment of the notes as set forth herein, then such balance is to be distributed as hereinafter set forth."

Paragraph Third directs the sale of certain other property, the payment of another debt of her husband, and the distribution of the balance, if any, to a friend Mrs. Kathryn Brunne. Paragraph Fourth directs the leasing by the executrix of certain warehouse property and the payment of certain debts and encumbrances. Paragraph Fifth reads as follows:

"After my said Executrix has disposed of all other property which I own at the time of my death, including the Commercial Street Lots, then I direct that said Executrix sell said warehouse property for the best price obtainable, and apply said proceeds to pay off any encumbrance which may

exist against said warehouse and distribute the balance as follows:

"(1) Ten & 00/00 Dollars ($10.00) each to my stepchildren, BERNARD DEACON, DOROTHY DEACON and BETTY DEACON: of San Diego, California;

"(2) One-fifth of the balance to each of the following:

MRS. AGNES CLARK, my cousin, of El Cajon, California;

MRS. KATHRYN BRUNNE, of 1510 State Street, San Diego, California;

VICTOR LeFROOTH, my brother, of Strandquist, Minnesota;

ANNA ERICKSON, my sister, of Strandquist, Minnesota;

VICTOR HOLMSTROM, my cousin, of Strandquist, Minnesota."

Paragraph Sixth directs the sale of certain other property, the payment of certain debts, and distribution of the balance in equal shares to the same persons named above in Paragraph Fifth. Paragraph Seventh bequeaths all personal property to Mrs. Kathryn Brunne. Paragraphs Eighth, Ninth and Tenth each bequeath certain specified property to legatees therein named. Paragraphs Eleventh and Twelfth deal entirely with the disposition of certain property located in Marshall County, Minnesota, to legatees therein named. Paragraphs Thirteenth, Fourteenth, and Fifteenth deal with the appointment of executors in different states.

The will does not contain any general residuary clause.

The trial court denied the petition of appellant Mrs. Agnes Clark, who is one of the legatees named in said Paragraph Fifth, and ordered that any balance remaining from the property mentioned in Paragraph Second be distributed according to the laws of intestacy.

It is the contention of appellant that the "Nineteenth Street properties," which constitute the properties mentioned in said Paragraph Second, should pass in accordance with the provisions of said Paragraph Fifth of the will, and that the probate court erred in denying appellant's petition. She cites in support of her contention the rules of construction set forth in sections 101 and 102 of the Probate Code and numerous authorities which in essence simply repeat the rules announced in those two sections. Probate Code, section 101, insofar as it is here pertinent, reads as follows: "A will is to be construed according to the intention of the testator. Where his intention can not have effect to its full extent, it must have effect as far as possible."

That these rules are to be observed by the courts in interpreting wills has been clearly recognized in a long line of

cases, but we think the recitation from any considerable number is of small value since the rules on the point in question have been recited in fairly uniform language throughout these cases. ■ The subject is sufficiently covered for our purposes in *Estate of Beldon*, 11 Cal.2d 108, 111, 112 [1, 2, 3, 4] [77 P.2d 1052] :

" 'The making of a will raises a presumption that the testator intended to dispose of all his property. Residuary clauses are generally inserted for the purpose of making that disposition complete, and these clauses are always to receive a broad and liberal interpretation, with a view of preventing intestacy as to any portion of the estate of the testator, and this general rule is in harmony with the declaration of our code that the provisions of a will must be construed, if possible, so as to effect that purpose.' (*O'Connor* v. *Murphy*, 147 Cal. 148, 153 [81 P. 406].) ■ But there is no room for application of the rule if the testator's language, taken in the light of surrounding circumstances, will not reasonably admit of more than one construction. ■ A court's inquiry in construing a will is limited to ascertaining what the testator meant by the language which was used. If he used language which results in intestacy, and there can be no doubt about the meaning of the language which was used, the court must hold that intestacy was intended. ■ A testator has the right to make a will which does not dispose of all of his property but leaves a residue to pass to his heirs under the law of succession. Such a will is not the usual one but when the language which leads to that result is clear the will must be given effect accordingly. (*Estate of Young*, 123 Cal. 337 [55 P. 1011] ; *Estate of Blake*, 157 Cal. 448 [108 P. 287] ; *Estate of Johnson*, 107 Cal.App. 236 [290 P. 314].)

"Possibly David William Beldon intended to leave his property as it was distributed by the decree of the probate court. But he did not express this intention in his will. Certainly he did not intend to leave fifteen per cent of the residue of his estate to each of seven persons with ten per cent to another, and there is nothing to support the division of one of the fifteen per cent shares between the '2 Grandchildren' except mathematical necessity. To say that because a will does not dispose of all of the testator's property it is ambiguous and must be construed so as to prevent intestacy, either total or partial, is to use a rule of construction as the reason for construction. ■ But a will is never open to construction

merely because it does not dispose of all of the testator's property. 'Courts are not permitted in order to avoid a conclusion of intestacy to adopt a construction based on conjecture as to what the testator may have intended although not expressed.' "

*Estate of Carroll*, 62 Cal.App.2d 798, 800 [1] [145 P.2d 644]; *Estate of Iburg*, 196 Cal. 333, 334 [1] [238 P. 74]; *Estate of Turney*, 101 Cal.App.2d 720, 726 [2] [226 P.2d 80]; *Estate of Bradley*, 86 Cal.App. 173, 179 [260 P. 575]; *Estate of Blake*, 157 Cal. 448, 467 [108 P. 287]; *Estate of Johnson*, 107 Cal.App. 236, 239 [1-2] [290 P. 314]; and other cases cited by appellant, simply reiterate the rules set forth in *Estate of Beldon, supra*, or some part of such rules.

The rule that ambiguities may be explained by references or recital thereof in any part of the will and that all parts are to be construed in relation to each other so as to, if possible, form one consistent whole except when the parts are absolutely irreconcilable, is enunciated, in Probate Code, section 103, recognized and applied uniformly in courts of this state. (*Vincent v. Security-First Nat. Bank*, 67 Cal.App.2d 602, 608 [2] [155 P.2d 63]; *Estate of Salmonski*, 38 Cal.2d 199, 209 [8] [238 P.2d 966].) Likewise, the rule of Probate Code, section 106 has been recognized and applied in numerous cases. (*Estate of Lovejoy*, 38 Cal.App.2d 69, 71 [1] [100 P.2d 547].)

There is nothing in the will which by its four corners fairly and reasonably connects Paragraph Second to Paragraph Fifth, nor makes either dependent on the other. This court cannot write words into a will that are not fairly and reasonably contained therein. It may well be that the testatrix had some intention other than that set forth in the will. It is reasonable to believe that she had in mind putting in a general residuary clause but, if so, she did not disclose that intention to us. As was said in *Estate of Carroll, supra*, "Courts are not to look for 'some undeclared purpose which may be imagined to have been in his mind, but the intention disclosed by the words he has used.' "

As was said in *Estate of Lewis*, 91 Cal.App.2d 322, 325 [3] [204 P.2d 898]:

"The interpretation given to this paragraph of the will by the trial court appears to be reasonable and consistent with the intent of the testator and, under well established rules, that interpretation may not be disturbed on appeal even though another interpretation is possible."

In our opinion the will does not admit of any other reasonable interpretation than that given by the trial court. In our view its judgment was correct.

The order is affirmed.

Mussell, Acting P. J., concurred.