[L. A. No. 3999. Department One.—April 15. 1915.]

In the Matter of the Estate of SAMUEL W. LITTLE, Deceased.

WILL—MISTAKE IN NAME OF LEGATEE—EXTRINSIC EVIDENCE TO IDENTIFY LEGATEE.—Where a will makes a bequest to a body or society designated therein as "The Woman's Christian Temperance Union of Los Angeles," and three corporations, each having a corporate name somewhat similar to but not identical with such designation, appear and claim to be entitled to the legacy, extrinsic evidence is admissible, under section 1340 of the Civil Code, to determine the identity of the legatee intended by the testator.

ID.—EVIDENCE OF TESTATOR'S INSTRUCTIONS TO SCRIVENER—OCCURRENCES ATTENDING DRAFTING OF WILL.—In cases involving such an ambiguity, the instructions of the testator given to the persons who drew the will at the time it is drawn, and the occurrences that took place at that time, may be proved to ascertain the person to whom the legacy is to be given and for the purposes of ascertaining the true intent of the will.

APPEAL from an order of the Superior Court of Los Angeles County distributing the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Stewart & Stewart, James H. Blanchard, and Will D. Gould, for Appellants.

Elizabeth L. Kenney, and Edwin A. Meserve, for Respondent.

At the close of the argument Shaw, J., delivered the opinion of the court, Sloss, J., and Lawlor, J., concurring.

Samuel W. Little in May, 1902, made his will bequeathing a certain part of his estate to a body or society which he designated in his will as "The Woman's Christian Temperance Union of Los Angeles." At that time, according to the evidence in the case, there was a corporation in existence having the corporate name of "The Los Angeles Woman's Christian Temperance Union." There were also in existence another corporation whose corporate name was "The Woman's Christian Temperance Union of Southern California," and an association or federation of societies which was known at that time by the name of the Union of Unions but which subsequently became incorporated under the name of "The Woman's Christian Temperance Union Federation of Los Angeles." Each of these three bodies, upon the distribution of the estate, applied for the legacy or bequest given to The Woman's Christian Temperance Union of Los Angeles. Each claimed to be the body designated by that description.

It is a mistake to say that the order of words in a corporate name is not important or may not be necessary in order to designate the body corporate intended. Very many illustrations might be given of that fact. For example, there is or has been a corporation known as the Southern California Railway Company and also a corporation known as the California Southern Railway Company, two distinct corporations, distinguished only by the fact that the word "California" comes first in one and second in the other. It appears on the face of this record from the applications of the claimants alone, in connection with the will, that the designation, "The

Woman's Christian Temperance Union of Los Angeles,'' does not describe exactly either one of the corporations appearing to claim the legacy. The words ''Los Angeles'' come at the end of the designation and thus distinguish it from the first named corporation and from the others as well. This of itself created an ambiguity. There were three corporations with names none of which corresponds exactly to the designation given in the will and the inquiry at once arose which one of these three came within the intention of the testator. It comes exactly within the case provided for by section 1340 of the Civil Code, that is, a case where no person or property exactly answers the description. In that case, the section provides that the omissions and mistakes must be corrected if the error appears either from the face of the will or from extrinsic evidence. In this case extrinsic evidence was introduced consisting of the testimony of Mr. Avery, who drew the will. He testified that Mr. Little informed him that he wanted to give a bequest to an organization which owned and conducted the Temperance Temple on the hill at Broadway and Temple streets; that he did not know the name himself and that he then telephoned to the Temple, was answered by some one, inquired as to the correct name of the society that was conducting the Temple and was informed that it was The Woman's Christian Temperance Union of Los Angeles. Thereupon he wrote in the will the words which made the legacy payable to the Woman's Christian Temperance Union of Los Angeles. Evidence was given in addition to the effect that the society for which he inquired, and which owned and conducted the Temperance Temple on Temple and Broadway was not The Woman's Christian Temperance Union of Los Angeles, but that its correct name is The Woman's Christian Temperance Union of Southern California.

From this evidence the court decided that the testator intended to give this legacy to the corporation described as the Woman's Christian Temperance Union of Southern California, but which is designated by the above name in the will, a mistake which could be corrected under section 1340.

There is some suggestion that evidence of this character is not admissible. The case of *Estate of Dominici*, 151 Cal. 181, [90 Pac. 448], is direct authority for the proposition that in case of an ambiguity of this kind the instructions of the testator given to the persons who drew the will at the time it is

drawn, and the occurrences that took place at that time may be proven to ascertain the person to whom the legacy is to be given and for the purpose of ascertaining the true intent of the will. In *Estate of Donnellan*, 164 Cal. 16, [127 Pac. 166], similar authority may be found. There are other cases to the same effect. It is the opinion of the court that under these decisions and under section 1340, the evidence was properly introduced and that it is amply sufficient to sustain the finding of the court that the true intent was to give this bequest to the Woman's Christian Temperance Union of Southern California.

The order, of distribution is affirmed and it is ordered that the *remittitur* issue forthwith.