[Civ. No. 27038.   Second Dist., Div. Four.   Oct. 8, 1963.]

Estate of MILDRED M. TOWNSEND, Deceased.   VIOLET WADE, Claimant and Appellant, v. ERNEST E. TOWNSEND et al., Objectors and Respondents.

Millikan & Montgomery and Edward R. P. Montgomery for Claimant and Appellant.

Donahue & Roeth and Edward S. Roeth for Objectors and Respondents.

BURKE, P. J.—Mildred Townsend died in 1961 and her will was admitted to probate. She bequeathed monies and personal property to several friends and relatives, disinheriting some relatives by noninclusion and by general reference. She provided for a trust for Don Q. Wade, son of her niece Violet Wade, with a contingent remainder to Violet should the son predecease his mother.

In paragraph 14 of the will she declared:

"I have intentionally failed to make provision for my other living relatives in this Will for the reason that I have done for them already as much as I feel I desire to. I have also limited the share of my nieces and nephews as set forth in Paragraph SEVENTH above, for the reason that they are not close to me, nor do I have much, if any, contact with them. *I have purposely provided as I have for my niece, VIOLET WADE*, for the reason that she has been close to me and has cared for me over a period of time and has never requested any favors or preference, and has in fact heretofore refused any favors from me." (Italics added.)

Despite the italicized language the only bequest to her niece was contained in paragraph "SIXTH" of the will, which followed a series of specific bequests, and read: "I give, devise and bequeath all of the balance of furniture, linens, dishes and personal effects of which I may die possessed to my niece, VIOLET WADE."

No other residuary clause was contained in the will. The appraised value of decedent's furniture, linens, dishes and personal effects of the same order is $400. Violet Wade contends the will should be interpreted to leave the residue of the estate to her.

A petition to determine heirship was filed by the First Western Bank and Trust Company, as executor of the will, and a statement of claim was filed by the brother and sister of decedent asserting that partial intestacy resulted by omission of any residuary clause. The contentions of Violet Wade were rejected and the residue of the estate was held to be distributable according to the laws of intestate succession. From such judgment Violet Wade appeals.

■ The residuary terms, "all of the balance of ... personal effects" used in paragraph six of the will cannot be construed to apply to the balance of the estate which also included real property. The overwhelming weight of authority is to the effect that "personal effects" are constituted of tangible things, chattels and subjects of personal use. (*Estate of Combs,* 136 Cal.App. 286 [28 P.2d 711].)

■ Because of the wording, "I have purposely provided as I have for my niece, Violet Wade, ..." in paragraph 14 of the will, it is contended that the will is ambiguous, and that the testimony of the attorney who drew the will was admissible to explain such ambiguity.

Evidence was submitted and considered to the effect that the decedent had instructed the attorney who drew the will to provide that the residue should go to Violet Wade, including the attorney's testimony to that effect supported by his written notes. Upon motion, the court struck the testimony as inadmissible. Such order of the court is the principal assigned error on appeal.

Appellant contends: "evidence is always admissible to show extrinsic facts which serve to explain the meaning of ambiguous words appearing on the face of a will, . . ." (*Estate of Kurtz,* 190 Cal. 146, 149 [210 P. 959]; *Estate of Resler,* 43 Cal.2d 726 [278 P.2d 1].) As an exception to the operation of section 105 of the Probate Code excluding oral declarations of a decedent, the decedent's instructions to a scrivener are admissible to explain an ambiguity in the will. (*Estate of Little,* 170 Cal. 52 [148 P. 194]; *Estate of Dominici,* 151 Cal. 181 [90 P. 448].)

■ However, "In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, . . ." (Code Civ. Proc., § 1858; *Jensen* v. *Traders & General Ins. Co.,* 52 Cal.2d 786, 790 [345 P.2d 1].)

■ "*A mistake of omission cannot be corrected. If the*

testator actually intended to make a gift to A but the instrument as written fails to do so, or if he intended to make a different kind of gift, the will must stand. Correction would require the addition of a *new provision*, and the court cannot add anything to the will; a testamentary gift can only be made by the testator in writing. (See *Estate of Lyons* (1939) 36 Cal.App.2d 92, 95 [96 P.2d 1018]....)'' (4 Witkin, Summary of Cal. Law (7th ed. 1960) § 143, p. 3135.)

The interpretation given to a will by a trial court, if reasonable, should not be disturbed on appeal. (*Estate of Deacon*, 172 Cal.App.2d 319 [342 P.2d 261]; *Estate of Boyd*, 24 Cal.App.2d 287 [74 P.2d 1049].)

The will, in the instant case, read as a whole, indicates that the testatrix intended to ''provide'' for Violet Wade. But there is no wording in the will of a dispositive nature in Violet Wade's favor other than that related to ''personal effects'' and that related to the trust for her son in which Violet was given a contingent remainder. The exclusion of her other heirs ''intentionally'' other than as specifically provided for, the disinheritance of any contestants, the disproportionate bequest of $6,000 to two friends unrelated by blood, and the obvious preference shown for Violet in the terms of the will, clearly indicate the intent of the testatrix to ''provide'' for Violet. But other than as indicated above, the will does not so provide, and the expression ''I have purposely provided as I have for my niece, Violet Wade, ...'' bequeaths nothing. The court may not add what has been omitted. The defect in the will, if in fact it be a defect, is one of omission and not of ambiguity and under the foregoing authorities the testimony of the attorney was properly excluded and partial intestacy must be held to result.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.