124 Ariz. 130 (1979)
602 P.2d 511
In the Matter of the ESTATE OF James BLACKSILL, Deceased.
Frances FEAVER, James Ramage and William Ramage, Claimants/Appellants,
v.
Bruce BLACKSILL, Claimant/Appellee.
No. 2 CA-CIV 3218.
Court of Appeals of Arizona, Division 2.
October 9, 1979.
*131 Corey & Kittle, P.C. by Jay S. Kittle and Patrick J. Farrell, Tucson, for claimants/appellants.
*132 Hirsch & Lindamood, P.C. by William S. Lindamood, Tucson, for claimant/appellee.
OPINION
HATHAWAY, Judge.
This is an appeal from a judgment determining heirship and interpreting the probated will of James Blacksill. The trial court awarded appellee and appellants equal undivided interests by intestate succession and in the residuary estate. We affirm.
The dispute concerned the residuary cause, which divides the residuary estate into "four equal parts," and devises and bequeaths "one of such equal parts to my secretary of 50 years, MARY FRANCES McLAUGHLIN, and one of such equal parts to the children of my deceased sister, and one of such equal parts to the children of each of my deceased brothers."
All of the testator's siblings died before he executed the will. The sister had two children, both of whom survived the testator. One brother had two children, one of whom survived the testator. The other brother never had children. The surviving children, the testator's nephews and niece, are the appellants. The brother's child, who died prior to the execution of the will, is survived by an adopted son, who survived the testator. The adopted son, the testator's grandnephew, is the appellee.
Because the disposition to the children of the childless brother is to non-existent beneficiaries, it is latently ambiguous. See Borah v. Lincoln Hospital Ass'n, 153 Neb. 846, 46 N.W.2d 166 (1951); Cf., In re Shields' Estate, 84 Ariz. 330, 327 P.2d 1009 (1958) (disposition of non-existent property latently ambiguous). The trial court, therefore, properly admitted extrinsic evidence, but only to show what the testator meant by what he said, not to show what he intended to say. In re Shields' Estate, supra; Matter of Estate of Smith, 119 Ariz. 293, 580 P.2d 754 (App. 1978); IX J. Wigmore, Treatise on Evidence, Secs. 2471, 2473(3) (3rd ed. 1940); 80 Am.Jur.2d, Wills, Sec. 1279 (1975).
Appellants introduced testimony by the testator's secretary, Mary Frances McLaughlin, and by the testator's niece that the testator had a close family relationship with appellants and a comparatively distant relationship with appellee. Insofar as this was an attempt to prove by parol evidence that the testator intended to benefit appellants, we reject this use of parol evidence. Furthermore, this parol evidence does not aid us in interpreting what testator meant by the reference to the children of his childless brother.
Appellants also introduced testimony by the draftsman of the will as to an alleged draftsman's error. The draftsman testified that during a visit to the testator in the hospital, the testator, an experienced probate lawyer, stated that he needed to make a will. At that time, he expressed an intent to benefit his secretary and appellants, but expressed no intent to exclude his grandnephew. After this meeting, the draftsman was uncertain whether the testator wanted his grandnephew to share and in what proportions he wanted his secretary and the appellants to share. He drafted specific questions to determine the testator's intent, but never asked them because in their next meeting, the testator dictated the will to him. After transcribing the will, he gave a copy to the testator and read it to him. The testator acknowledged that the will as written expressed his intent and then executed it. He made no attempt to change the will during the three years between its execution and his death. Now that the draftsman understands the effect of the residuary clause, he believes he must have mistakenly transcribed it.
We disagree that the draftsman's opinion that he must have made a mistake permits us to reform the will by transposing the words "each of" to refer to the children of the sister and by striking the "s" from the word "brothers." Even in cases of clear draftsman's error, courts refuse to reform the will. See Annot., 90 A.L.R.2d 924, 949 (1963); Cf., State v. Keller, 568 P.2d 166 (Mont. 1977) (reformation refused to correct *133 disposition of nonexistent property). Nor does this extrinsic evidence aid us in interpreting what testator meant by the reference to the children of his childless brother. Cf., e.g., In re Little's Estate, 170 Cal. 52, 148 P. 194 (1915) (parol evidence showed what testator meant by an ambiguous bequest resulting from draftsman's error).
Because we cannot determine what testator meant by the disposition to the children of his childless brother, we must construe the will as written. The disposition to the children of the childless brother fails, and an undivided one-quarter of the residuary estate passed by intestate succession. For purposes of intestate succession, an adopted person is the child of the adopting parent. A.R.S. Sec. 14-2109. Appellants and appellee are testator's heirs, A.R.S. Sec. 14-2103(A)(3), and each is entitled to an undivided one-sixteenth interest in the residuary estate by intestate succession. A.R.S. Sec. 14-2103(B), -2106.
The disposition to the children of the deceased sister poses no problem. They share one-fourth, each receiving an undivided one-eighth interest in the residuary estate. The language of the residuary clause concerning their share is unambiguous and defeats appellants' argument that they were each to receive one-fourth.
As for the disposition to the children of the deceased brother, the living child is entitled to an undivided one-eighth interest in the residuary estate. Because no contrary intention is expressed in the testator's will, A.R.S. Sec. 14-2603, the anti-lapse statute, A.R.S. Sec. 14-2605, applies to this disposition. The statute expressly applies to class gifts and to "void" class gifts. Uniform Probate Code, Sec. 2-605, Comment. Since appellee is the issue of the deceased devisee, his father, A.R.S. Sec. 14-2611, he takes in place of his father by representation. A.R.S. Sec. 14-2605. Appellee therefore is entitled to an undivided one-eighth interest in the residuary estate.
The trial court properly determined that appellants and appellee are each entitled to an undivided three-sixteenth interest in the testator's estate.
Affirmed.
RICHMOND, C.J., and HOWARD, J., concur.