ESTATE OF LUCY H. ASHENHURST, DECEASED, WILLIAM B. ASHENHURST, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Ashenhurst v. Commissioner
Docket No. 12546-80.
United States Tax Court
T.C. Memo 1982-102; 1982 Tax Ct. Memo LEXIS 646; 43 T.C.M. (CCH) 673; T.C.M. (RIA) 82102; February 25, 1982. H. William Furchner, for the petitioner. Clement Shugerman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Darrell D. Hallett for hearing on January 6, 1982, at Washington, D.C. on respondent's motion for summary judgment. After review of the record, we agree with and adopt the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: This case came on for hearing on January 6, 1982 at Washington, D.C. on respondent's *647 motion for summary judgment. After a review of the file, including the pleadings, affidavit and exhibits, the transcript of the hearing on respondent's motion, and petitioner's Reply to Motion for Summary Judgment, we conclude that there is no genuine issue of material fact and that respondent is entitled to prevail as a matter of law. Respondent determined a deficiency of $ 45,417.64 in petitioner's Federal estate tax. The decedent was a resident of Caldwell, Canyon County, Idaho, at her death on October 15, 1977. She was survived by her husband, William B. Ashenhurst, who is also the executor of her estate. A will executed by decedent on March 27, 1974, was filed by Mr. Ashenhurst in probate proceedings instituted in the Canyon County State District Court. After making provisions for the payment of expenses and specific bequests to decedent's brothers and sisters, decedent's will provided, in paragraph six, that the entire residue of her estate was to be held in trust for the benefit of Mr. Ashenhurst during his lifetime. The will provided that upon the death of Mr. Ashenhurst the trust property then remaining was to be applied to satisfy debts and obligations of his estate, *648 to satisfy two specific bequests of $ 500 each, and the rest and residue was to be paid to the City of Blackfoot, Idaho, for the purpose of funding the establishment and operation of a social center for senior citizens of the Blackfoot community. Mr. Ashenhurst filed a petition with the Canyon County District Court for a Formal Decree of Testacy. In his petition, Mr. Ashenhurst contended that paragraph six of decedent's will did not express the true intent of decedent and that it was a result of a "mistake of the scribner." Mr. Ashenhurst contended that the true intent of the decedent was to leave the entire residue of her estate to her husband, absolutely, if he survived her. After notice to interested parties, a hearing was held on the petition of Mr. Ashenhurst on August 8, 1978. Mr. Ashenhurst was represented by counsel, as was the city of Blackfoot. The oral testimony of Mr. Ashenhurst was taken, and some documentary evidence was admitted. No evidence was submitted by the city of Blackfoot or any other person interested in the estate. On August 14, 1978, the Canyon County District Court entered a Formal Decree of Testacy. The decree determined that paragraph six *649 of decedent's will failed to express the true intent of decedent and that her true intent was to devise the entire residue of her estate outright to her husband. Accordingly, the decree concluded that paragraph six of the will should be stricken, and it determined that decedent died partially intestate. The result of the decree was to leave the entire residue of the estate to Mr. Ashenhurst, absolutely. A Federal Estate Tax Return for decedent's estate was timely filed. On the return, a marital deduction of $ 239,349.56 was claimed, and it was calculated based upon the contention that the residue of decedent's estate passed outright to Mr. Ashenhurst, as provided in the state court decree. Respondent disallowed the entire marital deduction on the ground that the interest passing to decedent's surviving spouse constituted a terminable interest within the meaning of section 2056(b). In the petition filed with this Court, petitioners contend that respondent's estate tax agent assured the executor of decedent's estate, prior to his petitioning the state court for the decree of testacy, that if the probate court held that the residue of decedent's estate passed to the surviving *650 husband outright, the "estate would be entitled to the full marital deduction." It is further alleged that the executor relied upon this statement in deciding to petition the state court and request it to strike the sixth paragraph of decedent's will. In his motion for summary judgment respondent contends that the determination made by the Canyon County District Court with respect to the validity of paragraph six of decedent's will, and the Court's award of the residue of decedent's property to the surviving spouse, is not controlling for federal estate tax purposes. Respondent contends that the decree of the state court was contrary to Idaho state law because state law precludes the lower state courts from admitting evidence to prove that provisions of a will do not express the true intent of the testator and from ordering that estate property be distributed in accordance with what the court determines, based upon extrinsic evidence, was the intent of the testator, rather than in accordance with the express provisions of the will. Respondent further argues that pursuant to the decision in Commissioner v. Estate of Bosch,387 U.S. 456 (1967) this Court is not *651 bound, for purposes of determining the nature of the interest that passed to decedent's spouse, by the lower state court decree. Finally, although not addressed in his written motion, respondent contends that as a matter of law the representations alleged to have been made by the estate tax examiner to the executor of decedent's estate do not entitle petitioner to relief. In reply to respondent's motion, petitioners argue that the decree of the Canyon County District Court should be determinative as to the character of the property interest passing to decedent's surviving spouse and for purposes of determining the marital deduction. Further, petitioners argue that their estoppel contention involves factual issues which should be resolved at trial, not by summary judgment. Respondent, the party moving for summary judgment in this case, has the burden of demonstrating that no genuine issue as to any material fact exists, and that he is entitled to judgment as a matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land and Development v. Commissioner,71 T.C. 587, 596 (1979). The facts relied upon by respondent must be viewed *652 in the light most favorable to petitioner so that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. Adickes v. Kress & Co.,supra;United States v. Diebold, Inc.,369 U.S. 654, 655 (1962). Nevertheless, the motion must be granted if the Court is satisfied that no real factual controversy is present so that the remedy can serve "its salutory purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material fact issue to be tried." Lyons v. Board of Education of Charleston,523 F.2d 340, 347 (8th Cir. 1975). Finally, petitioners, as the parties opposing summary judgment, may not simply rest upon the mere allegations or denials of their pleading; their response, by affidavit or otherwise, must set forth more specific facts showing there is a genuine issue for trial. Rule 121(d), Tax Court Rules of Practice and Procedure. Applying these rules, we conclude that there is no genuine issue of material fact, and that respondent is entitled to prevail as a matter of law. First, petitioners do not dispute that if the interest passing *653 to decedent's surviving spouse is considered to be that bequeathed by paragraph six of decedent's will, the interest does not qualify for the marital deduction because it constitutes a "terminable interest" within the meaning of section 2056(b). Indeed, the interest purporting to pass to the surviving spouse by virtue of the will presents a classic case of a terminable interest made non-deductible by section 2056(b). Section 20.2056(b)-1(b) and (c), Income Tax Regs. On the other hand, if the character of the property interest passing to decedent's surviving spouse is deemed to be that which the Canyon County District Court purported to award Mr. Ashenhurst as a result of striking paragraph six of the will, respondent does not contest that the property interest qualifies for the marital deduction. The parties do dispute the significance to be afforded the state District Court's decree. Petitioner argues that "whether right or wrong the decree became final as to the property rights of all parties interested in the decedent's estate * * *" and that the decree should therefore conclusively determine the nature of the interest passing to decedent's surviving spouse for Federal tax *654 purposes. In support of this argument, petitioners cite the dissenting opinions of Justices Harlan and Douglas in Commissioner v. Estate of Bosch,supra.Unfortunately for petitioners, dissenting opinions are not the law. Rather, we are bound to apply the opinion of the majority of the court in Bosch, and, specifically, the following conclusion reached in the majority opinion: * * * It follows here then, that when the application of a federal statute is involved, the decision of a state trial court as to an underlying issue of state law should afortiori not be controlling * * * the underlying substantive rule involved is based on state law and the State's highest court is the best authority on its own law. If there be no decision by that court, then federal authorities must apply what they find to be the state law after giving "proper regard" to relevant rulings of other courts of the State. In this respect, it may be said to be, in effect, sitting as a state court. [citation omitted] [1] [Commissioner v. Estate of Bosch,387 U.S. at 465.] *655 Accordingly, we will proceed to examine the Idaho District Court's decree and determine whether it is in accord with state law. In doing so, and for purposes of ruling on respondent's motion, we will assume that the proceedings in the state court which led to the court's decree were, as alleged by petitioner, adversary proceedings. The state District Court based its decree upon its conclusion that paragraph six of decedent's will was not in accord with the intent of decedent. Rather, it concluded, decedent intended to devise the entire residue of her estate to her husband absolutely, if he should survive her. In reaching this conclusion, the court relied upon the testimony of Mr. Ashenhurst, decedent's surviving spouse, and "certain correspondence and memoranda to decedent's attorney." The court further concluded that paragraph six of the will was the result of "the mistake of the scribner thereof and by reason of the further mistake of the testatrix as to the meaning and effect of the language contained in paragraph 6 * * *." The state District Court's admission of evidence offered to prove that decedent's intent in disposing of her property was contrary to the plain language *656 of her will, and its decree that the plain language of the will should be disregarded and the decedent's property distributed in accordance with what the court concluded was decedent's true intent, flies in the face of established law. The applicable rule of law which, based upon this Court's research, appears to be universally accepted by all of the highest courts of the United States which have considered the issue, is stated in 4 Page on Wills, section 32.11 page 282, as follows: * * * where the language of the will has a definite meaning, as interpreted by the rules of construction, and applies, without ambiguity, to the beneficiary and property in existence, extrinsic evidence is not admissible to attempt to show that it does not express the testator's true intent. [2]
*657 This rule applies to preclude evidence that the person drafting the will did so contrary to decedent's intent. In The Matter of Blacksill Estate,124 Ariz. 130 (1979), 602 P.2d 511; Roehr v. Pittman,256 Ore. 193 (1970), 472 P.2d 278; 4 Page on Wills, supra, section 32.11, p. 284. In his motion, respondent relies upon the Idaho State Supreme Court case of Wilson v. Lindner,18 Ida. 438 (1910), 110 P.2d 274. We agree with petitioners that the court in that case did not deal with the specific issue involved here, namely, whether extrinsic evidence is admissible to prove that decedent intended something other than what was stated in the will. Rather, the court simply stated as "a cardinal rule" that the intent of the testator is to be determined from the language he employed in the will. This rule was restated by the Idaho Supreme Court in Dolan v. Johnson,95 Ida. 385 (1973), 509 P.2d 1306, and In Re Corwin's Estate,86 Ida. 1 (1963), 383 P.2d 339. In these cases, the court applied the stated rule in the context of interpreting a will, and it concluded that controversies over the interpretation *658 of provisions in a will should be resolved based upon the "four corners of the instrument." Although none of the cases dealt with an effort by a party to introduce evidence outside the will, we believe the court's decisions are a strong indication that, if it were presented with the issue, it would follow the authorities cited above regarding the admissibility of extrinsic evidence to prove that decedent's intent was contrary to that gleaned from the will itself. Since neither of the parties have pointed us to any Idaho Supreme Court case on point, and our research uncovers no such case, we must, under the Bosch decision, determine what the Supreme Court of Idaho would decide if the issue were presented to it. We are confident that the Supreme Court would follow the authority cited above and conclude that the lower court erroneously admitted evidence that decedent intended to leave her property outright to her surviving spouse, contrary to the plain language of paragraph six of the will, and it would therefore reverse the District Court's decree. An Idaho Supreme Court case relied upon by petitioners, In re Heazle's Estate,72 Ida. 307 (1952), 240 P.2d 821, 823, *659 does not alter our conclusion. There, the court stated that "* * * the cardinal rule of interpretation of a will is to ascertain and give effect to the intention of the testator. And to that end all rules of construction are to be followed only as they assist in determining that intention, and no rule, however sanctioned by usage, is to be applied to thwart that intention * * *." Apparently, petitioners rely upon this language in the court's opinion for the notion that any evidence is admissible in a will contest proceeding to prove the intent of the testator. That is clearly not the case. Rather, In re Hazel's Estate deals with the question as to whether a document purporting to be a will, but ineffective as such, is nevertheless effective, under an Idaho statute, to revoke a prior will. The court held that a document can be effective as a revocation of a prior will even though it fails as a will itself, and in doing so it relied upon the above quoted "cardinal rule." While the court concluded that in determining the legal effect of written documents, the intention of the testator should be considered, the intention of the testator was determined from an examination of the *660 written instruments involved, not from extrinsic evidence. In addition to their reliance upon the state court decree, petitioners contend that respondent is "estopped" to disallow the marital deduction by reason of representations made by respondent's estate tax agent. In this respect, the petition alleges as follows: Prior to petitioning the state court for the aforesaid Decree of Intestacy, [sic] the executor was assured by William H. Hayes, Tax Agent in the Boise, Idaho, Office of Internal Revenue Service, that if the court of probate held that the residue of the testatrix' estate passed to her surviving husband by intestacy the estate would be entitled to the full marital deduction. The executor relied upon this advice in electing to petition the state court to strike paragraph sixth of the purported will. In their reply to respondent's motion for summary judgment, petitioners state that their estoppel argument involves factual issues which need to be decided by this Court. We disagree. For purposes of ruling upon respondent's motion, we assume the allegations set forth in the petition regarding the representations made by the estate tax agent are true. Even making *661 this assumption, it is clear that those representations do not preclude respondent from prevailing in this case. In essence, petitioners contend that the agent's erroneous advice that a lower state court decree would be considered binding for Federal estate tax purposes, and petitioner's reliance upon that advice in seeking the decree, precludes respondent's subsequent determination in the deficiency notice that the lower court decree is not determinative as to the allowable marital deduction. In a recent case where petitioners similarly argued that their reliance to their detriment upon alleged representations of law made by respondent's revenue agent precludes respondent from later making a determination contrary to representations of the agent, we stated as follows: Petitioners cite several cases in support of their argument that 'an estoppel in fact will run against the government on tax matters.' The matter about which petitioners claim to have been misled appears to be a matter of law. The cases cited by petitioners all predate the opinion of the Supreme Court in Automobile Club of Michigan v. Commissioner, [353 U.S. 180 (1957)]. These cases do not detract *662 from the sweeping rule enunciated therein, that "[t]he doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law' (353 U.S. at 183), nor from the elaboration in Dixon v. United States,381 U.S. 68, 73 (1965), that '[h]e may do so even where a taxpayer may have relied to his detriment on the Commissioner's mistake.! [Footnote omitted] [Zuanich v. Commissioner,77 T.C. 428, 432-433 (1981).] Like the petitioners in Zuanich, petitioners in this case cite as authority in support of their estoppel argument the decision of the Court of Appeals for the 9th Circuit in Schuster v. Commissioner,312 F.2d 311 (9th Cir. 1962), affirming in part and reversing in part, 32 T.C. 998 (1959). There, respondent determined that trust property was not includable in a gross estate for federal estate tax purposes, and, in reliance upon this determination, a bank trustee distributed the trust property to beneficiaries. Thereafter, respondent determined that the trust property was includable in the decedent's gross estate and asserted liability against the bank with respect *663 to a resulting estate tax deficiency. In reversing the Tax Court on this issue, the 9th Circuit held that the doctrine of equitable estoppel precluded respondent from collecting the estate tax liability from the trustee bank. The Court recognized the "general proposition * * * that the estoppel doctrine is inapplicable to prevent the Commissioner from correcting a mistake of law," citing in this regard Automobile Club of Michigan,353 U.S. 180 (1957), but held that this general proposition does not mean that the "Commissioner might always correct a legal mistake regardless of injustice which will result." Schuster v. Commissioner,supra at 317. Although the Court in Schuster held that the estoppel doctrine did not preclude respondent from asserting personal liability against decedent's surviving spouse because she did not materially change her position to her detriment in reliance upon respondent's first determination, the Court concluded that "It is our conclusion that the Bank's equitable interest is so compelling, and the loss which it would sustain so unwarrantable, as to justify the application of the estoppel doctrine against the *664 Commissioner." Schuster v. Commissioner,supra at 318. We held in Zuanich v. Commissioner,supra, that Schuster v. Commissioner is a very narrow exception to the general rule precluding the use of the equitable estoppel doctrine to bar the respondent from correcting mistakes of law, even where there is detrimental reliance. In this respect, we noted that Schuster involved "a governmental determination forcing a disinterested third party to take an irreversable action." (77 T.C. 433). The exceptional circumstances that led the Court in Schuster to apply the doctrine of equitable estoppel against the government are clearly lacking in this case, just as they were found to be lacking in the Zuanich case. In this respect, there is not involved here a "disinterested third party" who is asserting the doctrine of equitable estoppel; rather, it is asserted by the estate, and the executor acting on behalf of the estate, simply to foreclose an otherwise warranted deficiency determination against the estate. Moreover, the facts alleged by petitioners do not even make out a case for detrimental reliance, let alone "the unwarranted *665 loss" found by the Court in Schuster.In this regard, there is no allegation that the estate suffered any detriment whatsoever when it petitioned the state court to set aside paragraph six of the will, alledgedly in reliance upon the agent's representation that a decree to this effect would establish the estate's entitlement to the marital deduction. The end result of the matter is simply that Mr. Ashenhurst holds the property outright, rather than it being held in trust for his benefit during his lifetime, and the city of Blackfoot has been deprived of the interest which the will purported to bequeath to it. Indeed, if there is any detriment involved, it was suffered by the city of Blackfoot, not the petitioners in this case who request that the equitable estoppel doctrine be applied for their benefit. Accordingly, we conclude that there are no genuine issues of material fact and that respondent is entitled to prevail as a matter of law. Therefore, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. Petitioner's argument in this case that the Idaho state trial court's decree should be controlling in spite of the Bosch decision is similar to the argument made by the plaintiff in Risher v. UnitedStates,465 F.2d 1 (5th Cir. 1972). There, the plaintiff argued that since the state probate court determined that the widow was to be awarded two-thirds of the decedent's personalty, and the distribution of the estate was made in accordance with that award, then the award should control the calculation of the marital deduction for Federal estate tax purposes. The Court of Appeals for the 5th Circuit rejected this contention, and upheld respondent's disallowance of a portion of the marital deduction on the grounds that the decree of the probate court was contrary to state law and, therefore, under Bosch,↩ was not controlling for Federal tax purposes.
2. See also in this regard the following: 80 Am. Jur. 2d Wills Sec. 1279, pg. 386 and cases and authorities cited therein; Carney v. Johnson,70 Wash. 2d 193 (1967), 422 P.2d 486, where the Supreme Court of Washington affirmed the trial court's granting of a motion for summary judgment based upon its holding that extrinsic evidence offered to prove that decedent's intent was contrary to express language in the will is not admissible; Roehr v. Pittman,256 Ore. 193 (1970), 472 P.2d 278, and cases cited therein; Baldwin v. Hambleton,196 Kan. 353 (1966), 411 P.2d 626↩.