### JOHNSON v. FORD et al.

(Circuit Court, D. Oregon. May 24, 1901.)

No. 2,674.

1. JURISDICTION OF FEDERAL COURTS — SUBJECT-MATTER—SUIT BY LEGATEE AGAINST EXECUTOR.

   A federal court is without jurisdiction of a suit by a legatee against an executor, the purpose of which is to secure the appointment of a receiver for the property of the estate, which is in process of administration in a probate court of the state, on the ground that defendant has not included all of the property in his inventory, and has been guilty of fraud and collusion to the detriment of the estate. In such matters the jurisdiction of the probate court is exclusive.[1]

2. EQUITY PLEADING—DEMURRER.

   Where a bill seeks relief and also discovery, and relief is the principal object, if the plaintiff is not entitled to the relief sought a demurrer lies to the whole bill.

3. JURISDICTION OF FEDERAL COURT—DIVERSITY OF CITIZENSHIP—REARRANGEMENT OF PARTIES.

   A federal court is without jurisdiction of a suit by a legatee under a will against the executor and other legatees, who are citizens of the same state, where it appears from the bill that the interests of such other legatees in the matter in controversy are identical with those of plaintiff, and they are made defendants only on an allegation that they refuse to join as plaintiffs.[2]

---

[1] Conflict of jurisdiction between federal and state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.

[2] Diversity of citizenship as ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298. See, also, note to Emigration Co. v. Gallegos, 32 C. C. A. 475.

In Equity.   On demurrer to bill.

S. T. Richardson and Dolph, Mallory, Simon & Gearin, for plaintiff.
W. D. Fenton and W. T. Slater, for defendant Ford, executor.
Brown, Wrightman & Myers, for defendants A. T. Gilbert, Mary E.
Gilbert, and Barker.
Coke & Coke, for defendants F. N. Gilbert and C. A. Gilbert.

BELLINGER, District Judge.   The plaintiff is a citizen of Idaho.
She is a legatee under the will of William Cosper, who was her father,
and who died in Marion county in 1900.   By the will of Cosper, the
residue of his property, after devising certain lots to the defendants
Barker and wife, was devised in equal interests to his two surviving
daughters (plaintiff being one) and the heirs at law of a third daugh-
ter, deceased.   It is alleged that the defendants, the Gilberts, by
fraudulent devices described in the bill, have converted a large part
of the estate of the deceased, Cosper, to their own use, and that Ford,
the executor, is colluding and conniving with them to defraud the
heirs of Cosper, and that he has filed a pretended inventory, which
is false and untrue, and that he refuses to bring suit against the Gil-
berts, or to take any steps to recover the property of the estate
fraudulently held by them.   The other personal representatives of
Cosper, and legatees under his will, the plaintiff's surviving sister
and the heirs at law of her deceased sister, are all residents and
citizens of the state of Oregon.   The complaint alleges that these de-
fendants refuse to join with plaintiff in bringing this suit, but threat-
en to bring a suit to set aside the said will on the ground that said
Cosper was mentally incompetent to execute said will.   The defend-
ant Ford, by his demurrer, denies the jurisdiction of the court, upon
the ground that the matters and things of which this court is asked
to take cognizance are within the exclusive probate jurisdiction of
the county court of Marion county.

This court is without jurisdiction to control the executor in the
execution of his trust, and this is what is sought in the case.   Ford
is sued as executor.   The complaint is with reference to his acts and
omissions as executor.   The relief sought is with reference to the
estate of Cosper, and that estate is in process of administration in
the proper court of probate jurisdiction.   If there is property belong-
ing to the estate that the executor has not included in his inventory;
if the executor is remiss in his duty, or is guilty of fraudulent prac-
tices affecting the estate,—these are matters exclusively within the
cognizance of the court of probate, whose jurisdiction is adequate to
grant relief by the summary process of removal.   The exclusiveness
of the jurisdiction of the courts of probate under statutes like those
of Oregon to administer the estates of deceased persons, and to de-
termine all questions necessary to such administration, does not ad-
mit of question, the solitary case of Richardson v. Green (decided
in the circuit court of appeals for this circuit) 9 C. C. A. 565, 61 Fed.
423, to the contrary notwithstanding.   It is true that a citizen of
another state may resort to a federal court to establish and enforce
his right to a share in an estate in which he has an interest.   Such

is the case of Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260, mainly relied upon by the plaintiff in support of the jurisdiction contended for. In that case the court say:

"It is, however, well settled that a court of chancery, as an incident to its power to enforce trusts and make those holding a fiduciary relation account, has jurisdiction to compel executors and administrators to account and distribute the assets in their hands. The bill under review has this object, and nothing more. It seeks to compel the defendant, Hook, to account and pay over to Mrs. Payne her rightful share in the estate of her brother, and, in case he should not do it, to fix the liability of the sureties on his bond."

The case on trial is another case altogether. The complaint in this case is that the executor refuses to administer the estate as required by law, and the prayer, among other things, is that a receiver "be appointed of all the property belonging to the estate of said Cosper, deceased." There is a wide distinction between a case that has for its object the enforcement of a right to a distributive share of money in the hands of an executor as the result of his administration, and a case like this,—to acquire the custody of an estate not administered upon, and subject to administration in a court of probate.

It is argued that the jurisdiction may be exercised for the purpose of a discovery, if not for relief. The rule is that where a bill seeks relief, and also discovery, and relief is the principal object, if the plaintiff is not entitled to the relief sought a demurrer lies to the whole bill. From what has already been stated, it appears that relief is the principal object of this suit; and it is because an administration and distribution of the estate in question is sought that the other legatees with plaintiff under the will are made parties defendant, upon the allegation that they refuse to join as plaintiffs in the suit, and threaten to bring a suit to set aside the will on the ground of mental weakness in the testator.

This brings me to the consideration of another matter affecting the jurisdiction of the court. Diverse citizenship, to give jurisdiction, requires that every party upon one side shall be a citizen of a different state from every party upon the other side; and, in determining between whom the controversy exists, the court is not bound by the title of the cause or the form of the pleadings, but should examine the record, ascertain the matter in dispute, and arrange the parties on opposite sides of the same according to the facts, no matter what their technical place as plaintiffs or defendants may be. Fost. Fed. Prac. § 18. The other legatees are upon the same side in interest with the plaintiff in the existing controversy. No question can arise upon the case made by the bill in which the interests of these legatees will be adverse to each other. They are all upon the same side of the controversy, and, so being, the controversy is not one between citizens of different states. The demurrer to the bill of complaint is sustained.