Argued 11 January, decided 1 February, 1904.

## FORD *v.* GILBERT.

[ 75 Pac. 138.]

CLAIM BY ATTORNEYS ON FUND IN COURT.

1. An attorney who represents an insolvent in resisting the efforts of creditors to reach his property is not entitled to compensation out of any fund in court created from the property in litigation, whatever may be the rule where attorneys have assisted in creating or preserving a fund.

POWER OF INSOLVENT OVER PROPERTY IN HANDS OF RECEIVER.

2. An insolvent debtor, after the appointment of a receiver of his property, has no authority to subject the fund in the hands of the receiver to any legal liability.

From Marion : REUBEN P. BOISE, Judge.

This is a proceeding by J. N. Brown and F. T. Wrightman, seeking to be allowed a payment out of a fund in the hands of a receiver appointed in a suit brought by Tilmon Ford, as executor, against A. T. Gilbert and others. From an order disallowing the petition the claimants appeal.

AFFIRMED.

For appellants there was an oral argument by *Mr. John A. Carson*, with a brief to this effect :

I. Where attorneys have recovered or protected property for creditors, or have in good faith rendered services looking to that end, though unsuccessful, they should be paid a reasonable fee out of the fund in court : *Re Tallassee Mfg. Co.* 64 Ala. 567; *Hunt* v. *McClanahan*, 1 Heisk. 503; *Weaver* v. *Cooper*, 73 Ala. 318; 3 Am. & Eng. Ency. Law (2 ed.), 458; 4 Cyc. 983; Beach, Receivers, 814; *Attorney-General* v. *Continental Life Ins. Co.* 62 How. 130; *Trustees* v. *Greenough*, 105 U. S. 527; *Hay's Estate*, 153 Pa. 328; *Mann* v. *Wakefield*, 11 Pa. Sup. Ct. 18; *Weigand* v. *Alliance Supply Co.* 44 W. Va. 133 (28 S. E. 803).

II. As to what matters should be considred in estimating a reasonable attorney's fee for services rendered, see *Stevens* v. *Ellsworth*, 94 Iowa, 758 (63 N. W. 683); *McMannomy* v. *Chicago D. & V. R. Co.* 167 Ill. 497 (47 N. E. 712).

For respondents there was an oral argument by *Mr.*

*Wm. M. Kaiser*, with a brief over the names of *Woodson T. Slater, John H. & C. L. McNary, W. M. Kaiser*, and *R. J. Fleming*, to this effect:

(1) It is true there is a fund in court, but it is not there by any effort of any of the claimants, nor did they obtain any judgment or decree to which such a claim could attach. The fatal defect in the present case is that the claimants did not assist in either creating or protecting the fund out of which they ask payment. *Re Tallassee Mfg. Co.* 64 Ala. 567, settles the law on this subject.

(2) Where an attorney does not look to the fund alone for his compensation, but takes security in advance for his services, he cannot claim any lien on the fund: 3 Am. & Eng. Ency. Law (2 ed.), 458; *McKelvey's Appeal*, 108 Pa. St. 615.

(3) An attorney is not entitled to any fee out of the property in the hands of the court for services rendered to the insolvent after sequestration by the court: Beach, Receivers, 814; *Barnes* v. *Newcomb*, 89 N. Y. 109.

PER CURIAM.   On April 22, 1901, the defendant Gilbert, who was conducting a general banking business at Salem, in the name of Gilbert Bros., was served with process in a suit brought against him and the plaintiff herein, as executor of the estate of William Cosper, deceased, by a Mrs. Johnson, one of the Cosper heirs, in the United States court, for an accounting and the appointment of a receiver. In her complaint Mrs. Johnson charged, in substance, that for many years prior to Cosper's death Gilbert had been his confidential agent and trustee, and during that time had received about $350,000, which he had failed to account for; that Ford was the executor of the Cosper estate, but was in fact the attorney and confidential adviser of Gilbert, and had wrongfully and unlawfully conspired and associated with him to defraud the estate, and to that end

had failed to file a true inventory thereof, and had refused
and neglected to institute proceedings to compel him to
account for the money in his hands belonging to Cosper.
Owing to the commencement of this suit, Gilbert was com-
pelled to close his bank, which he did on the 22d, and
never thereafter reopened it for business. On the same
day or the following morning Gilbert employed the peti-
tioners to appear for and represent him in the suit and
any other litigation which might arise out of the closing
of the bank. No special agreement was made as to the
time of their employment or the amount of their compen-
sation, but at their request Gilbert delivered to them cer-
tain notes belonging to the bank amounting to $884 as
collateral security for the payment of their fees and claims
against the bank held by clients and others. On April
25th the United States court appointed a temporary re-
ceiver of the assets of Gilbert, who immediately took charge
thereof, and retained the same until he turned them over
to the present receiver, appointed by the state court.
Pending the determination of the suit in the United States
court the plaintiff, as executor of the Cosper estate, con-
ceiving that it had no jurisdiction in the matter, brought
a suit in the state court against Gilbert for an accounting,
on substantially the same grounds alleged in the com-
plaint of Mrs. Johnson, and Claud Gatch was appointed
receiver therein. The federal court held, on separate de-
murrers filed by Ford and Gilbert, that it did not have
jurisdiction of the subject-matter, dismissed the suit (109
Fed. 501), and directed its receiver to turn all the prop-
erty in his possession over to Gatch, which was done ac-
cordingly. Thereafter some of the creditors of Gilbert
instituted proceedings in the federal court to have him
adjudged an involuntary bankrupt, and the petitioners
were retained and employed by him as his attorneys
therein. They were also retained to file an answer for

him in the present suit. The cause never came to trial, but so far as the claim of the heirs of the Cosper estate is concerned was settled by stipulation. The petitioners filed a claim in the present suit for $2,500 as attorneys' fees in the Johnson suit, $3,000 as attorneys' fees in the bankruptcy proceeding, and $1,000 as attorneys' fees in the present suit, and asked for an order directing the receiver to pay the same out of the assets in his hands in preference to the general creditors of Gilbert. The court disallowed the claim as a charge upon the assets in the hands of its receiver, but permitted the petitioners to retain and appropriate to their own use the collateral received by them at the time of their retainer by Gilbert.

1. The services rendered by the petitioners were personal to Gilbert. They did not recover a fund for the common benefit of the creditors, or add to the assets now being administered by the court. The Johnson suit was dismissed for want of jurisdiction, leaving the merits wholly undetermined. The bankruptcy proceeding was merely a contest as to the forum in which the insolvent's estate should be administered, and the present suit, so far as the claim of the Cosper heirs is concerned, was voluntarily discontinued by them. When a fund is brought into court through the service of an attorney, or where his services have added to or preserved or increased the amount being administered, the court of primary jurisdiction may properly allow a reasonable compensation for his services to be paid from the fund; but an attorney who is employed by and represents an insolvent debtor to resist the claims of creditors has no lien on the fund in court for his compensation, nor is he entitled to be paid therefrom: Beach, Receivers, § 764; *In re Tallassee Mfg. Co.* 64 Ala. 567.

2. An insolvent debtor, after the appointment of a receiver of his property, has no authority to subject the fund

in the hands of the receiver to any legal liability : *Barnes v. Newcomb*, 89 N. Y. 109. The petitioners have a claim against Gilbert for their services as his attorney, but it cannot legally be paid from the assets in the hands of the receiver, and now being administered by the court below. The judgment is affirmed.        AFFIRMED.