Argued October 25, affirmed November 22, 1976, reconsideration denied January 5, petition for review denied February 15, 1977

In the Matter of the Estate of Ethel J. Johnson, Deceased.

JOHNSON et al, *Respondents,*

*v.*

JOHNSON, *Appellant.*

(No. 27736, CA 5893)

556 P2d 969

*Craig R. Rockwell,* Salem, argued the cause for appellant. With him on the briefs was Hattie Bratzel Kremen, Salem.

*James O. Garrett,* Salem, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The personal representative of the estate of Ethel Johnson appeals from the trial court's ruling that his inventory of the estate should include the funds in joint bank accounts to which Ethel Johnson was a signatory depositor.

In November 1973, Ethel Johnson and her son, Tom Johnson, opened a savings account, and signed an account card which provided:

> "As joint tenants with right of survivorship and not as tenants in common, the undersigned hereby apply for a membership and for a JOINT savings account * * * and for issuance of evidence of membership in the joint names of the undersigned as joint tenants with right of survivorship and not as tenants in common. * * *"

In January 1974, Ethel Johnson and Tom Johnson signed similar account cards for three other bank accounts which had previously been in Ethel Johnson's name alone.

On September 15, 1974, Ethel Johnson died. Her will named Tom Johnson personal representative of her estate and, with the exception of certain items of personal property, divided the estate into three equal portions among Tom Johnson and Ethel Johnson's two stepsons. On January 9, 1975, Tom Johnson, in his capacity as personal representative, filed an inventory of the assets of the estate. This appeal results from the trial court's granting of the stepsons' motion to compel Tom Johnson to include in the inventory of the estate's assets the funds in the bank accounts described above.

Appellant assigns as error the circuit court's consideration of evidence other than the account cards in determining the intent of Ethel Johnson and Tom Johnson in entering into the joint accounts. This issue was settled in *Greenwood v. Beeson,* 253 Or 318, 454 P2d 633 (1969). In *Greenwood* the Supreme Court described various types of interests which each signator to a joint bank account could possess—ranging from limited rights as a trustee of the other signator's

power to withdraw to more complete ownership rights up to and including full joint ownership. *Greenwood v. Beeson,* 253 Or at 323-24. The court held that the inquiry as to the nature of each interest intended to be created should not be limited to the account card.

> "* * * Evidence should be freely admissible to show what the parties intended with respect to their respective interests in the account. * * *" 253 Or at 324.

In *Greenwood,* the court considered the source of the funds in a joint account in determining the interests of the joint depositors. Since *Greenwood,* in each case presented to the Supreme Court or this court involving the ownership interests of joint bank accounts, evidence in addition to the account cards has been considered in determining the ownership interests in an account.[1]

■■ Turning then to the question of the parties' intent in creating the joint bank accounts, we find, as did the trial judge, that the evidence indicates that no survivorship rights were intended to be conferred upon Tom Johnson.[2] The joint bank accounts were opened within two months after Ethel Johnson, then aged 67, was hospitalized following a fall. At or about the time of this fall Ethel Johnson began to have periods where she would lose touch with reality and become extremely forgetful. While at the hospital, she was advised by a lifelong friend that a proper caution for her to take, given her physical and mental condition, would be to open joint bank accounts with either Tom Johnson or one of her stepsons so that she would be cared for if she became incapacitated in the future. After one of Ethel Johnson's stepsons declined to have

---

[1] *Allen v. Allen,* 275 Or 471, 551 P2d 459 (1976); *Shields v. U. S. Nat'l Bank/Shields,* 266 Or 562, 514 P2d 348 (1973); *Roehr v. Pittman,* 256 Or 193, 472 P2d 278 (1970); *Andrews v. Hochmuth,* 253 Or 313, 454 P2d 636 (1969); *Glenn v. The Bank of California, N.A.,* 12 Or App 59, 505 P2d 365 (1973).

[2] As the circuit court sits as a court of equity in probate matters, *see In re Shepherd's Estate,* 152 Or 15, 41 P2d 444, 49 P2d 448 (1935); *Carlton v. Wolf,* 21 Or App 476, 535 P2d 119 (1975), this appeal is before us de novo on the record. ORS 19.125(3).

his name on the accounts, she opened the accounts with Tom Johnson. Thereafter she indicated that the funds in the bank accounts would be divided equally among her son and stepsons.

Finally, evidence further indicates that it was not until after Ethel Johnson's death that Tom Johnson, who had made no withdrawals from or deposits to the bank accounts, asserted that he had a survivorship interest in the accounts. Prior to that time he had stated that the funds in the bank accounts would be included in the estate.

■■ The remaining issue is the propriety of the circuit court's award of attorney fees payable to respondents out of the assets of the estate. The applicable rule was stated first in *Ford v. Gilbert,* 44 Or 259, 262, 75 P 138 (1904):

> "* * * When a fund is brought into court through the service of an attorney, or where his services have added to or preserved or increased the amount being administered, the court of primary jurisdiction may properly allow a reasonable compensation for his services to be paid from the fund. * * *"

*See also Kinney v. Uglow,* 163 Or 539, 98 P2d 1006 (1940). Here the addition of the funds in the bank accounts increased the value of the estate by $11,744.36—more than doubling the value of the estate reflected in the first inventory filed by appellant. Under these circumstances, an award of attorney fees was proper.

Affirmed.