## LINCOLN,
*Respondent,*

*v.*

## KOLSKI,
*Appellant.*

(No. 28331, CA A22211)

651 P2d 197

Sarah K. Rinehart, Salem, argued the cause for appellant. On the brief were David A. Rhoten, and Rhoten, Rhoten & Speerstra, Salem.

Mark Irick, Dallas, argued the cause for respondent. With him on the brief was Hayter, Shetterly & Irick, Dallas.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from a judgment for plaintiff for defendant's conversion of "joint" account funds before the death of plaintiff's decedent. Defendant assigns error to the trial court's (1) applying ORS 708.661 retroactively to determine rights to the account; (2) granting plaintiff's motion to exclude as irrelevant under ORS 708.661 the matters set forth in defendant's "Stipulated Facts" document; and (3) concluding that plaintiff had sustained his burden to prove conversion. We reverse and remand.

The case was tried to the court, which did not state its findings of fact. Plaintiff and defendant do not agree on a statement of facts, and we note inaccuracies in their separate statements. However, we are able to glean from the record the following narrative.

Plaintiff's decedent was defendant's mother. Apparently in the 1960's, a checking account was established at Citizens Valley Bank (the bank). Defendant and her mother and stepfather, Meryl and Eric Johnson, as "joint depositors," were authorized to withdraw funds from the account.[1] Sometime in May, 1977, for reasons unknown to us, a replacement signature card was executed, showing Meryl and Eric Johnson as parties to the account. Typed at the top was "Kolske [sic], Marjorie: Agent." Below the Johnsons' signatures was handwritten, "agent Marjorie H.

---

[1] What appears to be the original signature card shows that defendant and her mother and stepfather were joint depositors in an account at the First National Bank of Independence, Oregon, bearing the number 26 10844 9. It is unclear, however, whether defendant's signature on the other side of the card was intended as that of a party to the account, see ORS 708.600, or merely as that of a person identifying the parties to the account.

The copy of that original card was referred to in defendant's "Stipulated Facts" as an exhibit. The copy of the "Stipulated Facts" in the trial court record does not include that exhibit. Defendant did include a copy in the appendix to her brief on appeal. The "Stipulated Facts" document states that the Citizens Valley Bank account was intended to be a continuation of the First National Bank of Independence account and that both accounts bore the same account number. Nothing in the record indicates whether the account was closed and reopened at different institutions or was continued from a predecessor to successor institution.

In any case, the trial court first admitted the "Stipulated Facts" document and then excluded it. We refer to it here only as relevant to the existence of a "replacement" signature card and to defendant's second assignment of error.

Kolski." The record does not show who wrote that notation. A box was checked to show that the "signer(s)" were "joint tenants."

Eric Johnson died March 19, 1979. On June 18, 1979, defendant withdrew all funds from the account by a check that she had negotiated. On August 17, 1979, plaintiff's decedent died testate. Plaintiff sued defendant for conversion of the account funds. Defendant denied that plaintiff's decedent owned the account funds, denied converting those funds, and alleged that she was a joint tenant of the account.

At trial, defendant submitted written "Stipulated Facts," describing the relationship between defendant and her mother and identifying the source of the account funds, especially those funds defendant claimed were her own before deposit in the account. The court thereafter determined that ORS 708.661 governed the rights to the account funds and, therefore, at the close of trial granted plaintiff's motion to exclude evidence of those matters and denied defendant's motion for a "directed verdict." The court then concluded that plaintiff had established defendant's wrongful conversion of those funds.

Before ORS 708.661 was enacted, the rule in Oregon was that "the inquiry as to the nature of each interest intended to be created should not be limited to the account card." *Johnson v. Johnson,* 27 Or App 461, 463, 556 P2d 969 (1976), *rev den* (1977) (citing *Greenwood v. Benson,* 253 Or 318, 323-24, 454 P2d 633 (1969)). ORS 708.661 was enacted in 1977 and became effective October 4, 1977, approximately five months after the date of the replacement signature card. It provides:

> "Nothing in ORS 708.600 to 708.661, 716.024, 723.426 or 723.432 shall preclude a party to an account from adding the name of another person to such an account with the designation 'agent.' Such agent shall have no present or future interest in the sums on deposit in such account, but the financial institution may honor requests for payment from such account by such agent, unless the principal is deceased at the time the payment is requested and the financial institution has actual knowledge of such death. Payments from such account by such financial institution

at the request of such agent shall discharge such financial institution from all claims for amounts so paid."

Plaintiff relies on that statute; defendant argues that the statute was inapplicable to the contractual relationship between defendant and the Johnsons, because that relationship was established before the statute took effect, and that *Johnson v. Johnson, supra,* was the applicable rule. The trial court examined the statute's legislative history and determined that:

> "* * * the Statute was apparently intended to mean exactly what it says, i.e., 'that such agent shall have no present or future interest in the sums on deposit in such account'. * * * I conclude that by virtue of the contractual rights and duties of the parties established by the signature card at the bank and the application of ORS 708.661 to agency accounts, that the Plaintiff has established a wrongful conversion * * *."

■ The trial court thus applied the statute to a contractual relationship formed before the statute took effect. However,

> "* * * [t]he general rule is that a statute will not be applied retroactively if it alters the rights and duties under an existing contract unless *expressly* intended by the legislature. *Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 539 n 7, 577 P2d 477, *cert den* 439 US 1051 (1978)." *Valley Inland Pac. Constructors v. Clack. Water Dist.,* 43 Or App 527, 536, 603 P2d 1381 (1979). (Emphasis added.)

The right to withdraw funds for one's own use from a joint account is such a right and is at issue here.

■ We find no *express* legislative intent to apply ORS 708.661 retroactively. The statute expressly governs the relationship between a bank and an agent whose name is added after October 4, 1977, the statute's effective date. Had the legislature intended it to govern interests previously established, it could have expressly said so.[2] It did

---

[2] We express no opinion whether the statute would govern the relationship *between parties* to an account who had executed a signature card, whether new or amended, *after* October 4, 1977. *See* Or Laws 1977, ch 555, § 2. We note that ORS 708.661 was enacted by Or Laws 1977, ch 555, § 14. Section 13 of that chapter was not codified by the legislature or revisor and contains a savings clause to exempt from Sections 1 through 12 of the Act multiparty accounts *opened* before January 1, 1978. That clause does not expressly refer to section 14 (ORS 708.661), which we construe to be its own salvation.

not. Further, because retroactive application could raise serious constitutional questions of impairment of contracts, Or Const, Art I, § 21, we will not imply legislative intent to enact a retroactive statute. The court erred in applying ORS 708.661 to this account.

As a result, the court did not consider proffered evidence of the contractual relationship between defendant and the decedent other than "the signature card at the bank."[3] Defendant offered, without objection, the "Stipulated Facts" document, but it was unsigned by either party. That document purports to show that defendant was an intended joint tenant of the account, that the funds she withdrew were her own and that decedent had instructed defendant to withdraw the funds so that defendant would have unrestricted access to them. Because we hold ORS 708.661 inapplicable, the trial court erred in concluding that the facts related in the document were irrelevant under ORS 708.661. They may well be relevant under the *Johnson* rule, which does apply to this case and which the court apparently did not consider. Whether defendant can offer competent evidence to support those facts is another matter. All we decide here is that she is entitled to do so.

Because the trial court here limited its inquiry to the account card and erroneously applied ORS 708.661 to it, we reverse and remand. Defendant's third assignment of error raises questions that are for the trial court to determine; therefore, we do not consider that assignment.

Reversed and remanded for further proceedings.

---

[3] We assume the court referred to the apparent replacement signature card dated May 7, 1977. *See* n 1, *supra.*