On petitions for attorney fees and costs and requests for findings under
ORAP 13.10(7), referred to Special Master for further proceedings July 20, 2006

Richard STRUNK,
Donald Reed, Carol Booker, Larry Blumenstein,
Alan Lively, Merlene Martin, William Smee,
Denise Jacobsen, and Susanna Rhodes,
*Petitioners,*

*v.*

PUBLIC EMPLOYEES RETIREMENT BOARD,
State of Oregon, State of Oregon by and through the
State Board of Higher Education,
North Douglas School District,
Deschutes County, Portland School District,
City of Salem, South Lane School District,
and Oregon Health Sciences University,
*Respondents.*

Pamela BURT,
Nori J. McCann-Cross, Gerald Frost, Nancy B. Miller,
Bradd A Swank, Linda Zuckerman, Vicky J. Johnson,
Stephen D. Krohn, and Claudia L. Howells,
*Petitioners,*

*v.*

PUBLIC EMPLOYEES RETIREMENT BOARD,
Marion County, Oregon Department of Justice,
Oregon Department of Transportation,
Oregon Judicial Department, and State of Oregon,
*Respondents.*

Dave DAHLIN,
*Petitioner,*

*v.*

PUBLIC EMPLOYEES RETIREMENT BOARD
(Dawn Morgan, Janice Deringer, Mark Gardiner,
Jeanne Garst, Glenn Harrison, Todd Schwartz,
George Russell, Steven Bjerke),
Theodore Kulongoski, Governor,
State of Oregon,
*Respondents,*

*and*

LEAGUE OF OREGON CITIES
and Oregon School Boards Association,
*Intervenors.*

Martha SARTAIN,
*Petitioner,*

*v.*

PUBLIC EMPLOYEES RETIREMENT BOARD,
State of Oregon, and State of Oregon, by and through the
Oregon Department of Transportation,
*Respondents,*

*and*

LEAGUE OF OREGON CITIES
and Oregon School Boards Association,
*Intervenors.*

(SC S50593 (Control), S50647, S50645, S50686)
(Cases Consolidated)

139 P3d 956

Gregory A. Hartman and Aruna A. Maish, Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the petition and reply for petitioners Richard Strunk, Donald Reed, Carol Booker, Larry Blumenstein, Alan Lively, Merlene Martin, William Smee, Denise Jacobsen, and Susanna Rhodes.

J. Michael Alexander, Swanson, Lathen, Alexander & McCann, PC, Salem, filed the petitions and reply for petitioners Pamela Burt, Nori J. McCann-Cross, Gerald Frost, Nancy B. Miller, Bradd A Swank, Linda Zuckerman, Vicky J. Johnson, Stephen D. Krohn, and Claudia L. Howells.

Richard J. Birmingham, Birmingham, Thorson & Barnett, PC, Seattle, Washington, argued the cause and filed the petition and reply for petitioner Dave Dahlin.

Brian R. Talcott, Scott A. Jonsson, and James M. Hillas, Dunn, Carney, Allen, Higgins & Tongue, LLP, Portland, filed the petition and reply for petitioner Martha Sartain.

Emily R. Epstien, *pro hac vice*, and Joseph M. Malkin, *pro hac vice*, of Orrick, Herrington & Sutcliffe, LLP, San Francisco, California, filed the objection to petition for attorney fees and costs for respondent Public Employees Retirement Board.

Stephen S. Walters, Special Counsel, State of Oregon and Charles F. Hinkle, Jeremy D. Sacks, and Amy E. Edwards of Stoel Rives, LLP, Portland, filed the objections to petitions for attorney fees and costs for respondents State of Oregon, State Board of Higher Education, Marion County, Oregon Department of Justice, Oregon Department of Transportation, Oregon Judicial Department, Theodore Kulongoski.

William F. Gary, Sharon A. Rudnick, and Karla Alderman, Harrang Long Gary Rudnick, PC, Eugene, filed the objections to petitions for attorney fees and costs for respondents North Douglas School District, Deschutes County, Portland School District, City of Salem, South Lane School District, Oregon Health Sciences University, League of Oregon Cities, Oregon School Boards Association.

DE MUNIZ, C. J.

## DE MUNIZ, C. J.

This matter is before this court on petitions for an award of attorney fees. Attorneys for petitioners—the public employees who challenged various statutory enactments revising the terms of their employee pension plans—request fees and costs related to the litigation that culminated in this court's opinion in *Strunk v. PERB*, 338 Or 145, 108 P3d 1058 (2005). We hold that petitioners are entitled to an award of attorney fees under the common fund doctrine. As a result, we now refer this matter to a special master with instructions to make findings and recommendations with respect to the fees to be awarded.

In 2003, the Oregon Legislative Assembly modified the statutes that govern the Public Employees Retirement System (PERS). As relevant to petitioners' claims for relief, the amendments (collectively, the "2003 PERS legislation") altered the PERS statutes in several ways. Specifically, the 2003 PERS legislation (1) directed all employee-member salary contributions made after January 1, 2004, to an Individual Account Program, rather than to members' regular PERS accounts; (2) altered how PERS credited earnings to the accounts of members who joined PERS before January 1, 1996 ("Tier One" members); (3) prohibited, as of December 31, 2003, members from making further contributions to a variable annuity account program; (4) temporarily suspended cost-of-living adjustments (COLAs) for certain retired Tier One members; (5) permitted erroneously paid and payable benefits to be recouped from future PERS fund earnings as an administrative expense; and (6) provided for the application of updated actuarial equivalency factors used to convert members' account balances at retirement to monthly payments.

Petitioners, some active and some retired Tier One members, challenged the 2003 PERS legislation directly in this court pursuant to the legislature's grant of original jurisdiction to hear the matter. 338 Or at 151 (citing Or Laws 2003, ch 625, § 17(1)). That grant of jurisdiction permitted this court to determine whether the 2003 PERS legislation breached any provision of the PERS statutory contract or violated the state or federal constitutions. For the most part,

petitioners argued that each amendment set out above either breached or impaired an obligation of the PERS contract.

Petitioners succeeded in two of their claims when this court identified two areas in which the 2003 PERS legislation had violated state law by depriving some PERS members of monies lawfully due them:

> "We conclude that, in two respects, petitioners have prevailed on their claims for relief. First, petitioners in each of the cases correctly have argued that the provisions of the 2003 PERS legislation that alter the manner in which earnings are credited to the regular accounts of Tier One members impair an obligation of the statutory PERS contract in violation of Article I, section 21, of the Oregon Constitution. As such, those provisions are void and of no effect. Second, Strunk and Sartain petitioners are correct in their assertion that the provision of the 2003 PERS legislation that directs PERB to not apply annual COLAs to certain retired members' 'fixed' service retirement allowances breaches the contrary obligation of the PERS contract to do so; that provision also is declared void and of no effect. In all other respects, we conclude that petitioners' claims for relief are not well taken."

338 Or at 238. Our decision in that regard effectively restored two aspects of the PERS benefit plan that the 2003 PERS legislation had removed: (1) the guarantee of an annual eight percent earnings allocation to all Tier One PERS members; and (2) COLA adjustments for members who had retired between April 1, 2000 and March 31, 2004.[1]

■ In its decision, this court designated petitioners as the prevailing parties but denied an award of costs. Four of the petitioners—Strunk, Burt, Dahlin, and Sartain—now individually seek attorney fees. Although attorney fee awards generally must have a basis in contract or statute, *Domingo v. Anderson*, 325 Or 385, 388, 938 P2d 206 (1997), several equitable theories can support such fee awards without statutory authorization. Petitioners seek attorney fees under two of those theories. First, petitioners Sartain and

---

[1] The suspension of COLA adjustments for the retirees in question was a temporary measure designed by the legislature to recapture funds that were found to have been erroneously credited to member accounts.

Dahlin advance one basis for fees by invoking the fee rationale used by this court in *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975). After considering petitioners' arguments in that regard and reviewing this court's equitable attorney fees jurisprudence, we reject petitioner Sartain's and petitioner Dahlin's petition for equitable attorney fees based on *Deras*. We turn next to the argument that all four petitioners individually rely on, *i.e.*, an award of attorney fees is appropriate in this case under the equitable "common fund" doctrine.

■ Under the common fund doctrine, plaintiffs whose legal efforts create, discover, increase, or preserve a fund of money to which others also have a claim, may recover the costs of their litigation, including their attorneys fees, from the created or preserved fund. As commentators have noted, the doctrine is primarily "employed to realize the broadly defined purpose of recapturing unjust enrichment." John P. Dawson, *Lawyers and Involuntary Clients: Attorney Fees from Funds*, 87 Harv L Rev 1597, 1597 (1974). In other words, the doctrine is used to spread litigation expenses among all beneficiaries of a preserved fund so that litigant-beneficiaries are not required to bear the entire financial burden of the litigation while inactive beneficiaries receive the benefits at no cost.

The doctrine itself was first recognized by the United States Supreme Court in *Trustees v. Greenough*, 105 US 527, 26 L Ed 1157 (1881). In *Greenough*, the plaintiff had held, along with various other investors, bonds of the Florida Railroad Company. A fund consisting of approximately 11 million acres of state-owned land had been pledged to pay the interest accruing on the bonds, as well as installments into a fund meant to cover the principal. The fund's trustees, however, had, as the result of various fraudulent land conveyances, not only wasted a large portion of the fund, but also had failed to make the necessary interest payments on the bonds or to pay into the fund designated to cover principal. The plaintiff, then, "with great vigor and at much expense," *id.* at 529, initiated litigation that ultimately saved a large part of the fund, from which a considerable amount of money and dividends ultimately were paid to bondholders.

When the plaintiff thereafter sought reimbursement for his attorney fees, the Supreme Court permitted it,

making the fees a charge upon the fund itself. In doing so, the Court articulated several principles that remain today as benchmarks of the common fund doctrine. One is the proposition that a trust must bear the cost of its own administration:

> "It is a general principle that a trust estate must bear the expenses of its administration. It is also established by sufficient authority, that where one of many parties having a common interest in a trust fund, at his own expense takes proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reimbursement, either out of the fund itself, or by proportional contribution from those who accept the benefit of his efforts."

*Id.* at 532-33. The other principle is that, as a matter of equity, it is unfair for the many to benefit at the expense of the few. With regard to the plaintiff in *Greenough*, the Court wrote:

> "There is no doubt, from the evidence, that, besides the bestowment of his time for years almost exclusively to the pursuit of this object, he has expended a large amount of money for which no allowance has been made, nor can properly be made. It would be very hard on him to turn him away without any allowance except the paltry sum which could be taxed under the fee-bill. *It would not only be unjust to him, but it would give to the other parties entitled to participate in the benefits of the fund an unfair advantage. He has worked for them as well as for himself; and if he cannot be reimbursed out of the fund itself, they ought to contribute their due proportion of the expenses which he has fairly incurred. To make them a charge upon the fund is the most equitable way of securing such contribution."*

*Id.* at 532 (emphasis added).

Since *Greenough*, the Supreme Court consistently has recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 US 472, 478, 100 S Ct 745, 62 L Ed 2d 676 (1980); *see also Alyeska Pipeline Service Co. v. Wilderness Society*, 421 US 240, 257-58, 95 S Ct 1612, 44 L Ed 2d 141 (1975) (acknowledging principle). That

idea, the Court has explained, rests on the notion that those who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigants's expense. *Boeing Co.*, 444 US at 478. Courts, however, possess the equitable power to prevent that result by assessing attorneys fees against the recovered or preserved fund itself, thus spreading fees proportionately among those benefitted by the legal action. *Id.*

■    As to our own application of the common fund doctrine in Oregon, this court is no stranger to *Greenough*. In *Wemme v. First Church of Christ, etc.*, 110 Or 179, 219 P 618 (1923), for example, the plaintiffs instigated an action to account for and recover trust property administered by certain trustee churches after the churches had abandoned the program for which the trust had been established. This court determined that the failure to maintain the trust for its designated purpose required the court to appoint new trustees to administer the trust according to its donor's directions. The court then recognized the propriety of compensating the plaintiffs' lawyers from the funds that they successfully had preserved:

> "It is a well-recognized principle of equity that a trust estate must bear the necessary expenses of its administration. The attorneys representing the parties opposed to the defendant churches have performed services for which they are entitled to receive a reasonable compensation."

*Id.* at 212. Quoting *Greenough* with approval, the court went on to conclude that, having saved the trust fund from destruction at their own expense, the plaintiffs were entitled—much like the plaintiff in *Greenough*—"to reimbursement, either out of the fund itself, or by proportional contribution" from those who had benefitted from their efforts. *Id.* at 212-13. Since then, even without reference to *Greenough*, this court has adhered closely to the principle first expressed in *Greenough*:

> "* * * '[I]t is proper for a court exercising Equitable jurisdiction to make an allowance of a reasonable fee out of the fund or property created or preserved, for an attorney representing a party who, at his own expense, has maintained a suit for the recovery, preservation, protection, or increase of a

common fund or common property, or has created or brought into court a fund which others are entitled to share.'"

*State Farm Mut. Auto. Ins. Co. v. Clinton*, 267 Or 653, 657, 518 P2d 645 (1974) (quoting 107 ALR 750); *see also Cloud v. U.S. National Bank*, 280 Or 83, 92, 570 P2d 350 (1977) (plaintiff was entitled to reasonable attorney fees paid from corpus of trust because action was for benefit of other beneficiaries of trust); *Ford v. Gilbert*, 44 Or 259, 262, 75 P 138 (1904) ("When a fund is brought into court through the service of an attorney, or where his services have added to or preserved or increased the amount being administered, the court of primary jurisdiction may properly allow a reasonable compensation for his services to be paid from the fund.").

In this case, it is beyond dispute that the Public Employees Retirement Fund at the center of this controversy is a state-operated trust. ORS 238.660(1) provides:

> "*The Public Employees Retirement Fund is declared to be a trust fund, separate and distinct from the General Fund*, for the uses and purposes set forth in this chapter and ORS chapter 238A and ORS 237.950 to 237.980, and for no other use or purpose, except that this provision shall not be deemed to amend or impair the force or effect of any law of this state specifically authorizing the investment of moneys from the fund."

(Emphasis added.) Consequently, under our case law, the trust ought, as a matter of equity, to bear the expenses of its administration. Here, it is clear that efforts to preserve the fund and to assure that it is expended for the benefit of its proper recipients is an administrative matter. And it is equally clear that the efforts of petitioners' attorneys accomplished that purpose. Therefore, it follows, we believe, that those attorneys are entitled to an award of reasonable fees assessed to the fund that their efforts helped preserve.

■ The record that the special master developed in *Strunk* shows that petitioners' legal efforts have preserved two funds that directly benefit a substantial segment of PERS members and retirees: (1) the restored eight percent annual earnings allocation for current Tier One PERS members; and (2) the restored COLA adjustments for members

who retired between April 1, 2000 and March 31, 2004. Petitioners therefore are entitled to an award of attorney fees under the common fund doctrine from those two funds.

However, a number of other factors remain to be established before this court can, as a practical matter, finally set those fee awards. First, given that petitioners' efforts resulted in the creation of two funds in this case, we must ascertain, in particular, whether the beneficiaries are the same for both funds or if separate communities of beneficiaries correspond to each fund. Second, we must determine the proper method for apportioning the litigation costs among all the benefitted parties. And, finally, we must determine the extent of the benefits resulting from the legal services for which reimbursement is being sought, *i.e.*, the nexus between those services and the benefits procured, together with evidence of the services' reasonable value. Implicit in that last requirement is the understanding that (1) it is possible that some of the legal services expended in a common fund case will not have contributed directly to creating the fund from which fees are being sought; and (2) in cases with multiple parties and multiple attorneys, an overlap of labor may exist.

Consequently, we refer this case to a special master with instructions to recommend to this court an award of reasonable attorney fees for petitioners under the common fund doctrine. In determining that petitioners are eligible for an award of attorney fees under that doctrine, this court has not addressed other objections that respondents have raised concerning the petitions for attorney fees. The special master should address those objections, and petitioners' replies to the objections, in the recommendations which the special master shall file in this court. Within 14 days of the filing of the special master's recommendations, any party may file objections to those recommendations, along with citations to relevant authorities and portions of the record. This court thereafter shall proceed to award reasonable attorney fees.

Referred to special master for further proceedings.