No. 52       December 10, 2015       375

IN THE SUPREME COURT OF THE
STATE OF OREGON

Everice MORO;
Terri Domenigoni; Charles Custer;
John Hawkins; Michael Arken; Eugene Ditter;
John O'Kief; Michael Smith; Lane Johnson;
Greg Clouser; Brandon Silence;
Alison Vickery; and Jin Voek,
*Petitioners,*

*v.*

STATE OF OREGON;
State of Oregon, by and through
the Department of Corrections;
Linn County; City of Portland; City of Salem;
Tualatin Valley Fire & Rescue; Estacada School District;
Oregon City School District; Ontario School District;
Beaverton School District; West Linn School District;
Bend School District; and
Public Employees Retirement Board,
*Respondents,*
*and*

LEAGUE OF OREGON CITIES;
Oregon School Boards Association;
and Association of Oregon Counties,
*Intervenors,*
*and*

CENTRAL OREGON IRRIGATION DISTRICT,
*Intervenor below.*

(S061452 (Control))

Wayne Stanley JONES,
*Petitioner,*

*v.*

PUBLIC EMPLOYEES RETIREMENT BOARD;
Ellen Rosenblum, Attorney General;
and Kate Brown, Governor,
*Respondents.*

(S061431)

Michael D. REYNOLDS,
*Petitioner,*
*v.*

PUBLIC EMPLOYEES RETIREMENT BOARD,
State of Oregon; and
Kate Brown, Governor,
State of Oregon,
*Respondents.*

(S061454)

George A. RIEMER,
*Petitioner,*

*v.*

STATE OF OREGON;
Oregon Governor Kate Brown;
Oregon Attorney General Ellen Rosenblum;
Oregon Public Employees Retirement Board;
and Oregon Public Employees Retirement System,
*Respondents.*

(S061475)

George A. RIEMER,
*Petitioner,*

*v.*

STATE OF OREGON,
Oregon Governor Kate Brown,
Oregon Attorney General Ellen Rosenblum,
Public Employees Retirement Board,
and Public Employees Retirement System,
*Respondents.*

(S061860)

On petitions for attorney fees and costs filed May 15, June 9, and June 11, 2015; considered and under advisement on August 18, 2015.

Gregory A. Hartman, Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the petition for petitioners Everice Moro, Terri Domenigoni, Charles Custer, John Hawkins, Michael Arken, Eugene Ditter, John O'Kief, Michael Smith, Lane Johnson, Greg Clouser, Brandon

Silence, Alison Vickery, and Jin Voek. With him on the petition was Aruna A. Masih.

George A. Reimer, Sun City West, Arizona, filed the petition on behalf of himself.

Michael D. Reynolds, Seattle, Washington, filed the petition on behalf of himself.

Wayne Stanley Jones, North Salt Lake, Utah, filed the petition on behalf of himself.

Keith L. Kutler, Assistant Attorney General, Salem, filed the response to the petitions on behalf of the State of Oregon. With him on the response were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Merritt, Assistant Attorney General.

William F. Gary, Harrang Long Gary Rudnick P.C., Eugene, filed the response to the petitions on behalf of respondents Linn County, Estacada School District, Oregon City School District, Ontario School District, West Linn School District, Beaverton School District, and Bend School District and intervenors Oregon School Board Association and Association of Oregon Counties.

Robert F. Blackmore, Innova Legal Advisors PC, Lake Oswego, filed the response to the petitions on behalf of Tualatin Valley Fire and Rescue. With him on the response was Heidi W. Mason.

Before Balmer, Chief Justice, Kistler, Walters, Linder, Brewer, and Baldwin, Justices, and Haselton, Justice pro tempore.*

BALMER, C. J.

Petitions referred to special master.

_____

* Landau, J., did not participate in the consideration or decision of this matter.

**BALMER, C. J.**

This matter is before us on petitions for awards of attorney fees and costs. For the reasons that follow, we refer the petitions to Judge Stephen Bushong, sitting as a special master, for recommended findings of fact and conclusions of law.

In *Moro v. State of Oregon*, 357 Or 167, 351 P3d 1 (2015), this court considered challenges to legislative amendments aimed at reducing the costs of the Public Employee Retirement System (PERS). Those challenges were brought by petitioners, who are active and retired members of PERS. This court rejected petitioners' challenge to the elimination of income tax offset benefits for nonresident retirees but agreed in part with petitioners' claim that modifications to the PERS cost-of-living adjustment (COLA) formula impaired petitioners' contractual rights and therefore violated the state Contract Clause, Article I, section 21, of the Oregon Constitution. Although petitioners had argued that the state could not change the COLA formula for any current PERS member, we held that the COLA amendments impaired the PERS contract only insofar as the amendments applied retrospectively to benefits earned before the effective dates of the amendments.

Claimants, who are *pro se* petitioners and attorneys representing the Moro petitioners, now seek their fees and costs. "'Generally, a party cannot recover attorney fees unless there is a statute or a contract that authorizes recovery of those fees.'" *Montara Owners Assn. v. La Noue Development, LLC*, 357 Or 333, 360, 353 P3d 563 (2015) (quoting *Peace River Seed Co-Op v. Proseeds Marketing*, 355 Or 44, 65, 322 P3d 531 (2014)). There is no statutory or contractual authority for fees in this case. That general rule, however, is subject to exceptions, including limited circumstances where fees may be awarded based on equitable principles. We applied equitable principles to award attorney fees and costs in an earlier action that successfully challenged amendments enacted in 2003 to the PERS statutes. *See Strunk v. PERB*, 338 Or 145, 108 P3d 1058 (2005) (holding that certain PERS amendments impaired contractual rights); *Strunk v. PERB*, 341 Or 175, 139 P3d

956 (2006) (*Strunk II*) (recognizing right to receive fees and costs); *Strunk v. PERB*, 343 Or 226, 169 P3d 1242 (2007) (*Strunk III*) (awarding fees and costs).

In *Strunk II*, the claimants first sought fees and costs under *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975), which allows courts to award fees to prevailing parties who have "vindicated an important constitutional right applying to all citizens" rather than "gain[ing] something peculiar to themselves." *Lehman v. Bradbury*, 334 Or 579, 583, 54 P3d 591 (2002); *see also Swett v. Bradbury*, 335 Or 378, 389, 67 P3d 391 (2003) (discussing the standards for awarding fees under *Deras*). The court in *Strunk II*, however, declined to award fees based on *Deras*. 341 Or at 181.

The claimants additionally sought fees and costs based on the common-fund theory, under which "plaintiffs whose legal efforts create, discover, increase or preserve a fund of money to which others also have a claim[] may recover the costs of their litigation, including their attorney's fees, from the created or preserved fund." *Id.* at 181. An award for those litigation costs is justified as restitution to "'recaptur[e] unjust enrichment'" that would otherwise flow to the nonlitigant beneficiaries as a result of the judgment. *Id.* at 181 (quotation omitted); *see also Restatement (Third) of Restitution and Unjust Enrichment* § 29 (2011) (discussing common-fund recoveries at length). This court in *Strunk II* and *Strunk III* held that the claimants were entitled to attorney fees and costs under the common-fund theory. *Strunk II*, 341 Or at 185 (holding that the petitioners could recover attorney fees); *Strunk III*, 343 Or at 247 (awarding costs).

In this case, claimants seek in the aggregate approximately $2.3 million in fees and $66,000 in costs. To justify that award, they argue that their litigation efforts preserved over $4 billion for PERS members and designated beneficiaries. The grounds that claimants assert for their fees and costs are not always the same. As to fees, petitioner Reynolds and the attorneys representing the Moro petitioners rely on only the common-fund theory, but petitioner Riemer seeks fees under both *Deras* and the common-fund theory. As to costs, the attorneys representing the Moro

petitioners rely only on the common-fund theory, petitioner Jones (who is not seeking fees) and petitioner Reynolds rely only on ORAP 13.05 (governing costs and disbursements for prevailing parties in appellate courts), and petitioner Riemer relies on both. Respondents, who are governmental entities involved or interested in the administration of PERS but do not represent the nonparty PERS members and designated beneficiaries directly, object to claimants' requests for fees and costs.

Claimants' requests and respondents' objections raise numerous factual and legal disputes, which we do not resolve now. Instead, we refer the petitions to Judge Stephen Bushong, sitting as a special master, with instructions to recommend to this court a reasonable award of fees and costs. The special master should conduct such proceedings as he deems appropriate and make recommended findings of fact and conclusions of law necessary to resolve the factual and legal disputes fairly raised by the parties' filings to this court or otherwise necessary to determine an award of reasonable fees and costs.

Although the special master has broad discretion over its proceedings and recommendations, and without prejudice to the parties' ability to raise other issues before the special master, we highlight two disputes relating to the scope of our decision in *Strunk III*. First, respondents contend that claimants should not be awarded fees and costs for duplicated efforts on successful claims or efforts directed at unsuccessful claims. In *Strunk III*, the record created by the parties before the special master did not allow this court to determine the extent to which those attorneys had duplicated their efforts or directed their efforts toward unsuccessful claims. 343 Or at 239-40. As a result, this court did not decide whether those factors should affect a reasonable award of fees and costs. Without deciding that issue here, we instruct the special master to make findings of fact, if possible, on the extent to which the attorneys duplicated their efforts or directed their efforts toward unsuccessful claims.

Second, the parties dispute the size of any preserved fund and the manner in which the award of fees

and costs should be allocated among the beneficiaries of the litigation.[1] In *Strunk III*, the parties stipulated to those issues. *Id.* at 233. Although this court accepted those stipulations, *id.* at 247, it did so without the benefit of opposing arguments and without a developed factual record. For that reason, the special master should rely on the court's conclusions in *Strunk III* accepting those stipulations only to the extent that those conclusions are otherwise supported by the factual record in this case—including any consideration of administrative burdens for allocating the fees and costs—and the law justifying an award.

Within 14 days of the filing of the special master's recommendations with this court, any party may file briefs supporting or objecting to those recommendations, including citations to relevant authorities and portions of the record. This court thereafter shall proceed to award reasonable attorney fees and costs.

Petitions referred to special master.

---

[1] They also dispute whether, and the extent to which, the size of any preserved fund justifies applying a multiplier to the hourly rates that claimants have used to calculate their requested awards—that is, the parties dispute whether the reasonable value of the claimants' services depends on the size of the preserved fund.